### BLODGETT & a. v. CUMMINGS.

The discontinuance of an action against one defendant after a trial and report by an auditor, the sole controversy before the auditor having been as to the liability of the other defendant, is not a sufficient ground for excluding the auditor's report as evidence in a subsequent trial by jury.

The introduction of an auditor's report in evidence, in a jury trial, does not shift the burden of proof.

ASSUMPSIT on an account.  Plea, the general issue.  The action originally was against Atwood and the defendant.  At a trial before an auditor, the sole question was the liability of Cummings alone.   After the auditor's report was filed, the action was dismissed as to Atwood, and Cummings elected a trial by jury.   At the trial, subject to the defendant's exception, the plaintiffs put the auditor's report in evidence.   The court instructed the jury that the auditor's report was *prima facie* evidence, entitling the plaintiffs to a verdict, if there was no other evidence, and that it placed the burden of proof on the defendant; but if other evidence was introduced, the jury would find a verdict on a consideration of all the evidence, in accordance with or against the auditor's report, as they might find it correct or otherwise.   The defendant excepted. Verdict for the plaintiffs.

*Carpenter* and *Rand,* for the defendant.

*E. W. Farr* and *Bingham & Mitchell,* for the plaintiffs.

ALLEN, J.   The issue before the auditor was on the question of Cummings's liability.   The discontinuance of the action as to

Atwood, though made after the auditor's report, left the action the same as if it had been originally against Cummings alone.   *Whittier* v. *Varney*, 10 N. H. 303.   The issue before the auditor and at the jury trial was the same, and the auditor's report was properly admitted.

The instructions to the jury, that the introduction of the auditor's report shifted the burden of proof from the plaintiffs to the defendant, could not have been understood as using the phrase "burden of proof" in the technical sense that a new and independant issue was thereby made, the affirmative of which the defendant, in order to prevail, must sustain by a preponderance of evidence.   Any such meaning placed upon the instructions would have made the report a mere pleading, and destroyed its force as evidence, whereas by the instructions it was distinctly made evidence to be weighed with other testimony by the jury.   By the statute, the auditor's report is made evidence at a jury trial, subject to be impeached by either party; and by the decisions of the court, both in this state and in Massachusetts, where the law governing auditors' reports is the same, the report makes a *prima facie* case for the party in whose favor it is, and entitling him to a verdict, unless it is met and controlled by evidence from the other side.   *Stevens* v. *Hall*, 6 N. H. 508, 510; *Bellows* v. *Woods*, 18 N. H. 305; *Mathes* v. *Bennett*, 21 N. H. 188, 203; *Shouter* v. *Swindler*, 37 N. H. 559, 560; *Knowlton* v. *Tilton*, 38 N. H. 257, 261, 262; *Drew* v. *Claggett*, 39 N. H. 431, 433; *Pickering* v. *DeRochemont*, 45 N. H. 67, 81; *Stone* v. *Aldrich*, 43 N. H. 55; *Allen* v. *Hawks*, 11 Pick. 359, 361, 362; *Lazarus* v. *Ins. Co.*, 19 Pick. 81, 97; *Jones* v. *Stevens*, 5 Met. 373; *Taunton Iron Co.* v. *Richmond*, 8 Met. 435; *Fogg* v. *Farr*, 16 Gray 396; *Kendall* v. *Weaver*, 1 Allen 277; *Bradford* v. *Stevens*, 10 Gray 379; *Locke* v. *Bennett*, 7 Cush. 445, 452; *Morgan* v. *Morse*, 13 Gray 150, 153; *Crafts* v. *Crafts*, 13 Gray 360.   It was evidently in this sense that the instructions were intended by the court and understood by the jury, and not that the plaintiffs had, by the report, a case conclusive in law, unless the defendant turned its legal force by pleading or asserting a new proposition, which he had the burden of proving. In *Allen* v. *Hawks*, *supra*, and *Jones* v. *Stevens*, *supra*, it was said that the use of the auditor's report at a jury trial had the effect of shifting the burden of proof; but in *Morgan* v. *Morse, supra*, referring to those cases, *Bigelow*, J., said, "That it was not intended to hold that the burden of proving the issue, or of establishing a proposition of fact essential to the maintenance of the case of a party in whose favor the creditor had found, was thereby shifted.   The phrase 'burden of proof' was there used, not in its technical sense to indicate that a new and distinct proposition or issue of fact was to be established by the party against whom the report of the auditor had been offered in evidence, but only signifying that thereby a *prima facie* case was made out, and that it

was incumbent on the other party to rebut and control it, or else it would be conclusive." The same explanation of the use of the phrase "burden of proof" in the former decisions is given by *Gray*, C. J., in the case of *Holmes* v. *Hunt*, 122 Mass. 505, 514.

The auditor's report was, in effect, made *prima facie* evidence, and the plaintiffs. having legal evidence on all points necessary to maintain the issue, would prevail unless that evidence was met by evidence of at least equal weight from the defendant. The report was not evidence which could be explained away or contradicted like other evidence, nor could the credit to be given to it be lessened by showing error or mistake in the proceeding before the auditor, or that he failed to correctly weigh the testimony before him. *Bellows* v. *Woods*, *supra*. No distinct and separate issue could be made on the finding of the auditor. *Brewer* v. *Hyndman*, 18 N. H. 9, 18. The report was evidence, and when introduced was a measure of the plaintiffs' case, which the defendant, to prevail, must fill with other evidence. The practical effect of the instructions being not that the auditor's report shifted the burden of proof in any technical or legal sense, but made for the plaintiffs a *prima facie* case, conclusive unless met and controlled by the defendant's evidence, there is no sufficient reason for disturbing the verdict. The exceptions are overruled, and there must be

*Judgment on the verdict.*

BINGHAM, J., did not sit: the others concurred.