SHEPARDSON *v.* PERKINS & a.

Under the referee law of 1874, *c.* 97, *s.* 13, a referee's report was admissible as evidence upon a trial by jury, although the referee at the request of one of the parties stated therein specifically the facts which he found and his rulings on questions of law, and although some of the rulings and findings were erroneous, the court having correctly instructed the jury in regard to the errors.

For the purpose of lessening the weight of the report as evidence, it could not be shown that the testimony before the jury differed from the testimony before the referee.

The report was *prima facie* evidence of every material fact stated therein, but did not change the burden of proof.

CASE, for obstructing a water-course. The action was referred by the agreement of the parties, the right of trial by jury being reserved. The referee found the defendants guilty, and assessed the damages. At the request of the plaintiff, he stated specifically the facts found and his legal conclusions. Subject to exception, the whole report was read to the jury. The referee erroneously decided that the plaintiff had a prescriptive right to a flow of water through a waste-gate of a certain capacity. The court instructed the jury that the plaintiff had no such right, and that the findings of fact and conclusions of law, so far as they related to that subject, were erroneous. Subject to exception, the court excluded testimony offered by the defendants that newly discovered evidence, which they introduced before the jury, was not laid before the referee. The court instructed the jury that the report was not evidence, and was not to be weighed or considered by them as evidence; that it changed the burden of proof on the general issue, and established the defendants' guilt until they showed by a preponderance of evidence, not including the report, that they were not guilty, and that it had the same effect as to the special facts and the damages; and the defendants excepted. Verdict for the plaintiff.

*Wait* and *Colby*, for the defendants.

The report was read to the jury; then they were told that it was not evidence to be weighed or considered by them as evidence. If not to be weighed or considered as evidence, why was it permitted to be read to the jury? Why were they not instructed that the burden of proof was upon the defendants to show that they were not guilty, instead of reading the report to prejudice the minds of the jury? All the facts found, and conclusions of law, were read, and the jury were then told that although they were permitted to hear them, and to take them to their room while considering of their verdict, still some of these conclusions of law and findings of fact were erroneous. If erroneous, and the court could see that they were so, why permit the jury to hear them? If there was anything in this report which would be likely to influence the minds of the jury, it was the statements of fact and law which the court held to be erroneous. It would be vain, after allowing such things to be read to the jury, to attempt to prevent the effect upon their minds by telling them at the end of the trial that they were erroneous. The effect was produced and the mischief was accomplished when the report was read to the jury, and

the instruction at the end of the trial that it was erroneous in part, or that they must disregard it in whole, would not remove it. It is to be observed, that while the jury were told that these parts of the report were erroneous, they were not told that they must disregard these parts in particular. True, they were told to disregard the whole report;—but if these in particular were erroneous, how could they change the burden of proof upon those points? Yet the jury were not told that in these particulars the burden of proof was not changed: they were told in general terms that the report had the effect to change the burden of proof as to the special facts and the damage.

We suppose it will be said that the effect given to the report was the same as a plea, which changes the burden of proof. Such a view is stated in the dissenting opinion in *King* v. *Hopkins*, 57 N. H. 334, 357. Where in the statute is any warrant to be found for such a doctrine? How can the language, "and upon such trial by jury said report shall be evidence of all the facts stated therein, subject to be impeached by either party," authorize the idea that the burden of proof is changed? The whole spirit of this language is against any such idea. Can this doctrine be sustained on the ground of analogy between this report and a special plea? We are confident it cannot. A special plea changes the burden of proof between the parties; but it never casts the burden upon one party of proving facts, which had in a former stage of the pleadings been upon the other party. By a special plea the burden of proof is changed between the parties, because the pleader admits the truth of every material fact previously pleaded by the other side, and on his own part sets up new facts which he assumes the burden of proving. He thus brings in a new element upon which he chooses to make the case turn. In doing this he undertakes to prove the new element which he brings in. It is never in the power of either party by his plea to cast the burden of proving material facts upon the other party, which the latter was not before bound to prove. A party can never be compelled to assume the burden of proving the facts pleaded by the other side. Whoever heard that evidence, produced by the party having the burden of proof, was given to impeach the plea of the other side? He takes the burden of proof only when he admits the plea of the other party to be true, and therefore unnecessary to be impeached. Nor does the plea of one party (unless it be a traverse, which never changes the burden of proof) ever impeach the plea of the other. It admits it to be true, and turns its force by tendering a new issue. But it was ruled by the court that by this report the party was relieved from proving the facts which were alleged in his own pleading, and that this burden was thereby thrown upon the other party, who by his pleading did not allege them. There is thus not the remotest analogy between the treatment of this report and that of a special plea at common law.

The court ruled that the report was *prima facie* evidence, and established the case of the party producing it until overthrown by the other party, and so changed the burden of proof. Where is any countenance found in the language of the statute for such a doctrine? " And upon such trial by jury said report shall be evidence of all the facts stated therein, subject to be impeached by either party." The statute makes the report evidence, and subject to be impeached like any other evidence; but that the report is made *prima facie* evidence in the legal, technical sense, and conclusive until overthrown by counter-evidence, and authorizes the court to direct a verdict, finds no warrant in the language of the statute. Had it been ruled, as in *Vogt* v. *Tichnor*, 48 N. H. 242, that the plaintiff had the burden of proof, and that burden was sufficiently maintained until something should be shown to impeach it, the effect would have been very different upon the course of the trial. The absurdity of the doctrine that the report changes the burden of proof is rendered apparent by the fact that it cannot operate reciprocally. Suppose the burden of proof, as is nearly always the case in our time, to be in the outset upon the plaintiff: by this doctrine, whether the report is of any significance at all depends upon which side obtains it. If in favor of the plaintiff, it shifts the burden of proof and places it upon the defendant; but if in favor of the defendant, it is of no effect whatever. In the latter case, it cannot be used to strengthen the defendants' case against the plaintiff, because, as ruled by the court, the jury are not to weigh or consider it as evidence. The doctrine comes to this, that the report is valuable if for the plaintiff, so valuable that it entitles him, as matter of law, to a verdict; but if for the defendant, it is of no value at all.

We are aware of what is said as to the effect of an auditor's report in the cases of *Bellows* v. *Woods*, 18 N. H. 305, *Mathes* v. *Bennett*, 21 N. H. 188, *Shoutee* v. *Swindles*, 37 N. H. 559, *Knowlton* v. *Tilton*, 38 N. H. 257, *Drew* v. *Claggett*, 39 N. H. 431, and *Pickering* v. *DeRochemont*, 45 N. H. 67; and it is not to be denied that the impression has largely prevailed among the profession in our state that such a report *prima facie* establishes the party's case in whose favor it is. There is little doubt that the great weight of the opinion of Mr. Justice *Woods*, thrown into that side of the scale, in *Bellows* v. *Woods*, has had much to do with the doctrine remaining unchallenged. Perhaps it is worthy of inquiry whether those cases may not be sustained on other grounds than are applicable to the case at bar. Those were all cases of auditors, under *c.* 189, Rev. Stats., which is almost a literal transcript of the statute of June 23, 1823. Under that statute auditors were appointed only in cases involving " an investigation of accounts or an examination of vouchers;" and their only province was " to state the accounts between the parties." In any other case, or if the auditor's report contain other matters than a statement of the accounts,

it was held not to be admissible as evidence at all. *Brewster* v. *Edgerly*, 13 N. H. 275; *Bartlett* v. *Trefethen*, 14 N. H. 427. In such cases there is no right by the common law, or by our constitution, to a trial by jury. *Perkins* v. *Scott*, 57 N. H. 55. If, then, the legislature saw fit to grant to the parties a trial by jury, they could grant it with such incidents or conditions as they chose, one of which might be that the report should be *prima facie* evidence; but, as held in *Brewster* v. *Edgerly* and *Bartlett* v. *Trefethen*, *supra*, it can be evidence only upon those matters which the auditor is authorized to report, to wit, the state of the accounts between the parties. But we do not believe that the language of the auditor law will bear any such construction as this. Its language is, " and such report shall be given in evidence to the jury," subject to be impeached by evidence offered by either party. *Knowlton* v. *Tilton*, 38 N. H. 257, treats the report of an auditor as evidence to the jury, to be weighed and considered by them, and to be impeached or overthrown by evidence showing how it was produced. It is wholly inconsistent and at war with the doctrine of *Bellows* v. *Woods;* but it is not more so than is the language of the statute itself. It is to be observed that in all those cases cited above, where reports of auditors have been considered, the reports were in favor of the plaintiff; and there is nothing in any of them to indicate that the attention of the court was called to the difference in the effect of the doctrine upon a plaintiff and a defendant. Had it been, we do not believe *Bellows* v. *Woods* would have been decided as it was.

In the dissenting opinion in *King* v. *Hopkins*, which seems to have been followed at the trial of this case, the opinion in *King* v. *Chase*, 15 N. H. 9, is invoked. In the language quoted from that case, the court are speaking of the effect, at common law, of a judgment between the same or other parties; and the conclusion is reached, that such a judgment is either not admissible at all, or, if admissible, is conclusive between the parties. It is not held that where not admissible at all, it is not admissible because incapable of being weighed; nor that where admissible, it is conclusive because incapable of being weighed. But a former judgment is held to be inadmissible, or conclusive, because in the one case or the other the policy of the common law makes it so for the purposes of justice between the parties.

It is supposed, in this dissenting opinion, that the statute of 4 Anne, *c.* 16, which authorizes double pleading, enabled the defendant to change the burden of proof by pleading the general issue with a special plea. What that statute did do was to enable him, by traversing the whole declaration by the general issue, to compel the plaintiff to prove his own allegations, while the defendant at the same time comes forward with an affirmative defence, the burden of which he assumes. It enables the parties to submit to the jury two or more issues instead of confining them to one. The

same opinion invokes *Vogt* v. *Tichnor*, 48 N. H. 242.  That case goes upon the ground that the judgment may be attacked by just such evidence as was offered in this case.  Not one word there appears of the judgment's not being evidence to be weighed or considered by the jury; but it was held liable to be put into the scale with all the other evidence.  That case was decided on grounds peculiarly applicable to that class of cases.  One short paragraph in the dissenting opinion in *King* v. *Hopkins* is all we need for the vindication of our claim:

"The language of the court in *Vogt* v. *Tichnor* is very much like the language of the referee law, and speaks of the judgment as evidence having some tendency to show the fact until impeached."

*Sargent & Chase* and *C. R. Morrison*, for the plaintiff.

This cause was referred under s. 13, c. 97, Laws of 1874, "by agreement of parties, reserving right of jury trial."  The parties thereby agreed to the application of the provisions of that section, and they reserved the right to a trial by jury, which otherwise by such agreement would have been waived.  When they went to the jury they did so subject to the condition prescribed by the statute, that the report should go to the jury the same as an auditor's report.  Whether the special facts reported by the referee should be allowed to go to the jury depended upon whether either party requested him to report such special facts.  *Ib.*  The court ruled that the report was not to be considered at all in our favor on the points which had been found in our favor.  That ruling, if wrong, was in favor of the other side and against us, and they cannot ask to have the verdict set aside because the ruling was too favorable to them.  As evidence to go to the jury on the findings which the jury were to make, this report would have been worth something in our favor.  How much it would have been worth might have depended upon the proof which the defendants sought to introduce and which was rejected.  The defendants cannot object that they were not allowed to weaken the force and effect of this evidence with the jury, when by the ruling no part of it was allowed to go to the jury at all.  The defendants simply asked the court to allow them to weaken the effect of the report in our favor ; but the court, instead of that, ruled out the report altogether, and told the jury not to regard it.  The defendants cannot object that the whole report, including the conclusions of law as well as of fact, was allowed to go to the jury, since the court, so far as those conclusions were erroneous, instructed the jury not to follow them, and so far as they were right the court reinstructed them in the same way.

BINGHAM, J.  The reference being by the agreement of parties, the objection to the use of the report as evidence before the jury

was waived. Laws of 1875, *c*. 35, *s*. 3; Laws of 1874, *c*. 97, *s*. 13; *Garland* v. *Towne*, 58 N. H. 187; *Smith* v. *Fellows*, 58 N. H. 169; *Daniels* v. *Lebanon*, 58 N. H. 284. The statute required the referee to state specifically his rulings upon all questions of law, and all matters of fact found proved, if either party requested. The plaintiff having made the request, the referee properly complied with the statute, and his report was not rendered incompetent as evidence because it contained matters required by law. *Pollard* v. *Verbeck*, 16 N. H. 435. The referee's erroneous conclusions of law and fact did not make his report inadmissible. The law required him to state them in the report. The court properly instructed the jury as to the errors, so that no misapprehension could have occurred on account of them.

The offer of the defendants to prove that the evidence before the jury was different from that before the referee was properly rejected. *Bellows* v. *Woods*, 18 N. H. 305.

The court instructed the jury that the referee's report was not evidence, and was not to be weighed or considered by them as evidence; that it changed the burden of proof on the general issue, and established the defendants' guilt until they showed by a preponderance of evidence, not including the report, that they were not guilty. The referee law of 1874 (*c*. 79, *s*. 13) provided that in all cases wherein parties were entitled by law to a trial by jury, the same might, at the request of either party, be tried by jury after the report of the referee had been made, in the same manner and with the same limitations as in the case of the report of an auditor, and upon such trial by jury the report should be evidence of all the facts stated therein, subject to be impeached by either party. When the referee law was enacted, the auditor law had existed many years, and its construction had been established. *Stevens* v. *Hall*, 6 N. H. 508; *Bellows* v. *Woods*, 18 N. H. 305; *Mathes* v. *Bennett*, 21 N. H. 188; *Shoutee* v. *Swindles*, 37 N. H. 559; *Knowlton* v. *Tilton*, 38 N. H. 257; *Drew* v. *Claggett*, 39 N. H. 431; *Conner* v. *Company*, 40 N. H. 537; *Stone* v. *Aldrich*, 43 N. H. 52; *Lull* v. *Cass*, 43 N. H. 62; *Pickering* v. *DeRochemont*, 45 N. H. 67; *Fulford* v. *Converse*, 54 N. H. 543. The language of the referee law of 1874 clearly indicates that it was the intent of the legislature that it should be subject to the same construction that had been given the auditor law, and that the report of a referee should have the same effect as evidence in a trial by jury as the report of an auditor. *Copp* v. *Henniker*, 55 N. H. 179, 204; *King* v. *Hopkins*, 57 N. H. 334, 354. Upon the report of an auditor either party may elect to try the cause by jury, and upon such trial the report shall be given in evidence, subject to be impeached by either party. G. L., *c*. 231, *s*. 8. The findings of an auditor are *prima facie* evidence, entitling the party in whose favor they are to a verdict, unless they are impeached or controlled by other evidence in the case. *Drew* v. *Claggett*, 39 N. H. 431; *Knowlton* v.

*Tilton*, 38 N. H. 257.   At one time it was held in Massachusetts, which has an auditor law of which ours is a substantial copy, that the report changed the burden of proof.   *Allen* v. *Hawks*, 11 Pick. 359 ; *Jones* v. *Stevens*, 5 Met. 373, 378 ; *Company* v. *Richmond*, 8 Met. 434.   But it is now held otherwise in that state.   *Morgan* v. *Morse*, 13 Gray 150 ; *Brewer* v. *Company*, 104 Mass. 593.   Cases may be found in this state in which language is used which might be construed to mean that the party against whom the report is must show by a preponderance of evidence that the conclusions of the auditor are wrong ; but we think, on an examination of the cases, it will be found that the report has never been held to place the burden of proof upon the defendant on the general issue.   An auditor's report does not change the issue tried by the auditor. When the case comes before the jury, the questions to be tried are still the same, the only change being that the party in whose favor the report is has obtained an additional piece of evidence, a piece of evidence that proves his case in the absence of other evidence. If it is in favor of the party upon whom by the pleadings the burden of proof rests, it does not change the burden, but it is simply evidence on all the points in his case, like other evidence ; and when the opposite party gives evidence of just equal weight, so that the scales balance, he is obliged to go no farther.   The report in this case was evidence on all the points necessary for the plaintiff to prove to enable him to recover ; the defendants could then give evidence to impeach or meet the plaintiff's case ; and when the evidence was all in, to enable the plaintiff to recover he should have had a preponderance of evidence in his favor, on the points where the burden was upon him on the original pleadings.   In this sense the report is *prima facie* evidence for the party in whose favor it is.

*Verdict set aside.*

DOE, C. J., and FOSTER and ALLEN, JJ., did not sit : the others concurred.