## EASTMAN v. GOULD.

In assumpsit, the question being whether the defendant's promise was or was not upon a condition not performed by the plaintiff, the burden of proof is on the plaintiff to show that the promise was unconditional

ASSUMPSIT, to recover $25 for building a sidewalk. Facts found by the court. The defendant admitted that he promised to

pay $25 towards building the walk, but upon condition that a crossing should be put in from his front door-steps to the north side of Elm street; and whether such a condition was annexed to the promise was the principal question in controversy. Upon this point the court reported that there was no balance of evidence in favor of the defendant, and thereupon found for the plaintiff. The defendant excepted.

*E. B. S. Sanborn* and *Shirley & Stone*, for the plaintiff.

*C. C. Rogers* and *W. D. Hardy*, for the defendant.

ALLEN, J.    The burden of proof in the trial of the cause, with the general issue pleaded in defence, was upon the plaintiff throughout, and was not shifted by the defendant's claiming a conditional promise, a promise different from that alleged by the plaintiff. *Shepardson* v. *Perkins*, 60 N. H. 76, 82, 83; *Blodgett* v. *Cummings*, 60 N. H. 115.    The finding of no balance of evidence for the defendant on the question of a conditional promise, and a finding therefore for the plaintiff, was, in effect, a finding that a preponderance of evidence on a question material to the issue was necessary to defeat the plaintiff's case; and that, as matter of law, the burden of proof was shifted from the plaintiff to the defendant. For the defendant to succeed, it was not necessary for him to show by a preponderance of evidence that the promise alleged by the plaintiff was not made, but only to meet the plaintiff's case by an even weight of evidence.    As a matter of law, the burden of proof was not shifted from the plaintiff to the defendant in the trial; and for error in the ruling upon this subject, the verdict is set aside and a

*New trial granted.*

SMITH, J., did not sit : the others concurred.