*Judgment for the plaintiffs.*

CLARK, J., did not sit : the others concurred.

---

### HART *& a. v.* LOCKWOOD.

In an action for injuries to the plaintiff's horse by negligent driving, the burden of proof is not cast upon the defendant by evidence that the horse was delivered to the defendant uninjured, and remained in his possession until returned to the plaintiffs injured.

The exclusion of evidence which might properly be rejected for remoteness is not open to exception.

CASE, for driving the plaintiffs' horse a greater distance than he was hired for, and for injuries to the horse caused by the defendant's negligence. Trial by the court, and verdict for the defendant.

The declaration alleged that the horse was let to one Parker. A ground of defence was, that the defendant had no interest in hiring and no control over the horse, but merely rode with Parker on his invitation. To rebut this, the plaintiffs offered to show that Parker had been engaged in a conspiracy to defraud, and had obtained goods by false pretenses, and that the defendant knew of the commission of these offences. The evidence was excluded, and the plaintiffs excepted.

Parker hired the horse to drive to Strafford, and drove twelve miles further, to Rochester, where he took the train, and at his request the defendant drove the horse back to Laconia. The plaintiffs claimed that the defendant, inasmuch as he knew the horse was hired to go only to Strafford, was, as matter of law, liable to them for the use of the horse in driving back the extra twelve miles from Rochester to Strafford. The court held otherwise, and the plaintiffs excepted.

The plaintiffs introduced evidence tending to show, and claimed to have proved, that the horse was uninjured when the defendant started on the return from Rochester, and thereupon contended that the burden of proof was upon the defendant to show that the horse was not injured by his negligence. The court ruled that the burden of proof remained on the plaintiffs, and they excepted.

*F. M. Beckford*, for the plaintiffs.

*W. S. Peaslee*, for the defendant.

CARPENTER, J. If evidence tending to show that Parker had committed crimes, and that the defendant knew of their commission, might have been received without legal error, it was so remote that no exception lies for its exclusion. *Cook* v. *New Durham*, 64 N. H. 419.

The ruling that the burden of proof remained on the plaintiffs was correct. Proof that the horse was uninjured when at Rochester, and was in the possession and under the control of the defendant until he returned it in an injured condition to the plaintiffs, was merely evidence to be weighed upon the question whether the defendant negligently caused the injury. *Eastman* v. *Gould*, 63 N. H. 89.

If the plaintiffs are entitled to payment for the defendant's use of the horse in driving from Rochester to Strafford, they cannot recover it in this form of action.

*Exceptions overruled.*

CLARK, J., did not sit: the others concurred.