Sullivan, }
Dec. 6, 1932. }

VICTOR RAYMOND, *by his next friend,*

*v.*

THE GREAT AMERICAN INDEMNITY COMPANY.

*Barton & Shulins* and *Leahy & Leahy* (*Mr. Shulins* orally), for the plaintiff.

*Warren, Wilson, McLaughlin & Bingham* (*Mr. Bingham* orally), for the defendant.

ALLEN, J. The issues to be considered relate to sufficiency of evidence and burden of proof. When the plaintiff was injured the owner of the automobile was carrying two special and four regular passengers.

The former and the plaintiff, who was one of the latter, testified that they rode free. Of the latter two testified that they paid for their transportation. One of the latter and the owner did not testify.

Since the owner was not insured if any of the passengers paid, the free riding of the plaintiff does not make the defendant liable. The insurance did not cover the owner's use of the car when he carried any paying passengers. If the burden of proof was on the plaintiff to show that the car was not thus used when he was injured, his case fails unless the evidence will support a finding excluding such use.

Consideration of the evidence leads to the conclusion that it is deficient in proof of the finding. The owner was employed in a machine shop at Windsor, Vermont, and drove the car back and forth to his work from Claremont where he lived. The distance each way is about eight miles. At the time of the accident he had thus driven the car for about two months, regularly carrying five passengers who were all his fellow employees.

If the two regular passengers who testified that they paid might not be believed, the disbelief would not be enough to warrant a finding that they rode free. Lack of proof that they paid is no proof that they did not. *Richardson* v. *Company*, 77 N. H. 187, 189; *Clairmont* v. *Cilley*, 85 N. H. 1, 7. Nor may their extra-judicial statements that they did not pay be used as proof that such statements were true. Statements of this character are admitted only to discredit the testimony of their makers. *Zogoplos* v. *Brown*, 84 N. H. 134, 137, and cases cited.

The free riding of the plaintiff and of the special passengers does not help to prove how the others rode. The arrangements for the formers' transportation were made separately with the owner in each instance. The plaintiff testified that he and the owner were friends. One of the special passengers testified that the owner asked him to ride. The other testified that while he did not pay and while nothing was said about pay, he could not say that he would not have paid except for the accident. If this testimony did not leave his standing as a free passenger in doubt, in any event his situation is not exemplary of that of the other passengers. Nor, in the light of the circumstances disclosed, do the situations of the plaintiff and of the invited special passenger help to show whether the others were carried free or paid. There is no evidence tending to show the arrangements made with them for their riding.

It is therefore problematical whether the owner was carrying any passengers for hire. The evidence leaves it inconclusive and incapable

of ascertainment. At least, no inference that none of them paid can fairly be drawn. If the plaintiff had the burden of showing that none paid, he has not sustained it. No acceptance of any evidence for the defendant is thus predicated. It is a case of the plaintiff's insufficiency of evidence in proof of an essential element of his cause.

In respect to the burden of proof, not in its primary sense of the risk of non-persuasion as a definite and unchanging risk imposed according to the pleadings, but in its secondary sense as a rule by which the burden is shifted according to the progress of the trial, the law here in force invokes it according to fairness and expediency. "Justice and convenience may require that in certain phases of a case the party not having the burden of proof shall produce evidence, upon pain of that issue being decided against him if he declines to do so." *Spilene* v. *Company*, 79 N. H. 326, 328. "The logic of the general principle that the plaintiff should have the duty to go forward and the risk of non-persuasion has always been modified by the application of what was at the time deemed to be the common sense of the situation." *Ib.*, 329. Presumptions established either by the logic of ordinary thought or by expediency are largely relied upon to sustain situations in which the burden is thus shifted, and precedents are given the full force of authority. But a new situation, such as is presented here, must be passed upon by treatment dictated by the general principles declared. What is just and sensible in securing a reasonable progress and fair outcome of the trial is decisive. The predominance of the primary rule by which the pleadings fix the general risk of non-persuasion is to yield, however, only so far as the special situations are deemed to justify its invasion.

In other jurisdictions it is almost invariably held that the burden of proving an excepted risk of an insurance policy rests upon the insurer. The rule appears to have been developed through the same policy which is behind the generally prevailing rule of construction resolving all doubts in a policy against the insurer. The rule of construction by itself may not logically account for the rule of burden of proof without a subsidiary rule that as to excepted risks the policy is to be read as calling for the insurer to show them. Such a subsidiary rule does not appear to have been very definitely adopted, however. While there is much natural force in imposing the duty of proof of exceptions, exemptions and excuses on one claiming their benefit, the courts have not gone so far as to construe the insurance contract in a manner by which its agreement is to render it difficult for the insurer to maintain its defences.

But in this state insurance policies are treated by the same principles of construction employed as to other contracts, and the rule that the insured shall have the benefit of all doubts is not in force here. *Sauriolle* v. *O'Gorman, ante,* 39. And any implication that excepted risks are for the insurer to prove is hardly to be discovered in the policy. It is a matter not naturally to be found in its implied terms. A reasonable reading of the policy by the insured would not give him to understand that the insurer bound itself to prove any excepted risk it might claim in defending an action on the policy.

Yet without the benefit of such an implication of the policy justice and expediency may well unite to require the insurer to establish its claim of an excepted risk. There is merit in the position that special defences in claim of a situation taking a case out of general liability should be proved, although the defences may be incidental to the general issue and maintainable under it. It may logically be said that if an excepted risk is not shown, the probabilities are ordinarily against its existence, and hence a plaintiff's general burden of proof does not fail if the evidence is silent in respect to the risk or does not establish it.

It is the situation, however, and not the legal character of the clause as one of exception or one of exclusion that is to be regarded in any change of the burden of proof. An invariable rule that one claiming the benefit of an excepting clause in a contract must prove it to receive the benefit, is not undertaken to be declared. It is not intended to state any principle beyond one placing the burden of proof of an excepted risk on the insurer when justice and expediency demand it.

A policy insuring property except when unoccupied and one insuring it while occupied would seem to be entitled to be treated alike. Excepted coverage and excluded coverage would here come to the same thing. It would be anomalous and capricious to say that the burden of proving non-occupancy should not rest on the same party as to each policy. Distinction would stress verbal differences rather than reasonable utility.

If A claims a trespass by B on land conveyed to him by B and by a deed in which the description is of a defined area from which a defined part is excepted, there would seem to be no burden on B to show that his entry was on the excepted part, if that is his defence. If the general issue is pleaded, A must prove an entry on the unexcepted part. The excepted part has not been conveyed to A and the real description of what has been conveyed to him does not include it.

As already suggested, it is to be observed that it is the general policy of the law here to emphasize the main rule for the pleadings to

test the need of establishing all essential issues, and to apply the secondary rule only when the enforcement of the main rule creates ·undue hardship. The judicial sentiment is illustrated by the following references.

Until the rule was changed by statute, in cases where his own negligence defeated his action a plaintiff was required to prove his freedom from fault, with no presumption about it to aid him.

"The practice of shifting the burden of proof by a legal presumption is largely abandoned in this state." *Strafford &c. Savings Bank* v. *Getchell*, 59 N. H. 281, 285.

"For the attempt to establish an exception changing the burden of proof on the ground of the difficulty and facility of furnishing proof, we seem to be largely if not wholly indebted to a rigorous enforcement of the English game laws, and the undue influence of a small governing class asserting their superior rights under peculiar institutions not brought to this country and hostile to our system of society." *Lisbon* v. *Lyman*, 49 N. H. 553, 569.

"On general principles, the plaintiff affirming the existence or non-existence of facts, or a state of facts essential to his right of recovery, is bound to prove the existence or non-existence of what he avers, and what is essential to his right of recovery.

"Nor does it change the rule that the averment is negative. The proof may be more difficult, but is not the less imperative. Less evidence may be sufficient, but the plaintiff is not the less bound to satisfy the jury that what he alleges is true." *Barnstead* v. *Alton*, 32 N. H. 245, 255.

In *Eastman* v. *Gould*, 63 N. H. 89, evidence of an unconditional promise asserted by the plaintiff was held insufficient to constitute proof of it in the face of equally balancing evidence of a conditional promise.

With reference to the policy here sued upon, its proper construction shows a limitation of coverage in respect to paying passengers, and not a general coverage subject to an exception in respect to them. The policy is explicit in limiting its agreement to pay "AS RESPECTS accidents sustained . . . by reason of . . . the use" of the automobile "as disclosed in Declaration no. 8." That declaration in a single sentence contains a statement specifying both the uses which may not, and those which may be, made. The former include the transportation of paying passengers. The latter include "private passenger type automobiles—pleasure and business purposes" and vehicles used in a business in which the insured had ceased to be engaged.

Simply read, the declaration states that the policy insures no business use of carrying passengers for hire. This and another excluded use precede in statement the uses insured in immediate context. By no fair reading can the latter be held to include the former. An allotment and division is made, and not an entire assignment from which something is taken and excepted. The reference to private passenger automobiles and business purposes is closely and definitely related to the preceding exclusions, and denotes in no way their inclusion. The policy after stating the uninsured uses defines the insured ones as including all others. The uninsured and insured uses are mutually exclusionary in their groupings, and neither the generality of expression to describe the latter nor their more extensive inclusion of uses classify the former as exceptions. If of a number of objects some are specifically named and enumerated to be placed in one class and the others without being thus specified are stated in general terms to be in another class, there is no overlapping by the latter subject to exception in favor of the former. That the former are few and the latter numerous, does not count. The uninsured uses are rejected, and not expelled, from the insurance.

The line between limitations and exceptions may at times be hard to draw. But here the excluded uses appear clearly not to be exceptions. They are not in the first instance included within any statement of the insurance. They are nowhere termed exceptions. The policy expressly insures only to the extent of the declarations. In addition, the insurance is stated to be subject to the provisions of the policy and in them any use for carrying passengers for hire is expressly described as an exclusion. The difference between exclusions and exceptions is more than nominal in thought. Exclusions are things barred and not admitted. Exceptions are things taken out. If it may be said that the insured in a fair reading of the policy would not have in mind the distinction, yet in more controlling importance it may be said that he would gain no understanding from his reading that he was not insured if he carried paying passengers because such a use was excepted rather than excluded. The limitations of use would be as clear to him as the limits of the policy's amount and term. In any thought on the point he would naturally separate the insured from the uninsured uses without first grouping them all as insured.

If A agrees to sell to B all his real estate except his homestead, it would hardly be contended that he included the homestead to be sold in the first instance and then withdrew it before signing the agree-

ment. And it would hardly be for him to prove that he did not agree to sell it if B claimed otherwise. It is not meant by this example to imply that exceptions in an insurance policy should be given a like construction and treatment, but it serves to show that language is to be given consideration in the light of common understanding and sense. No sensible person would think the permitted uses given by the policy overlapped the unpermitted ones or that there was any general insurance to which the latter were exceptions. The policy was clearly drawn to give no general insurance subject to exceptions.

It is said in some of the cases in other jurisdictions that negative clauses are to be treated as exceptions or conditions. So far as the rule has merit, it has no application here. The policy affirmatively insured driving passengers if they were free as much as it negatively gave no insurance when they paid. The insurance comprehended is within defined limits and its scope is of positively expressed inclusion. It is no more difficult to show when the insurance covered than when it did not. Whether passengers were free or paid, is not an issue over negative conditions. The issue is confined to the status of particular persons. If it had not appeared that there were passengers, a different question might arise.

Liability for driving the car with passengers who paid was not insured either *prima facie*, in the first instance or in any general way requiring exceptions to avoid the liability. To prove that the insurance covered, it was for the plaintiff, when it appeared that there were passengers, to show that they were all carried free. This is not to be taken for granted if there is no evidence to the contrary, and no presumption to that effect may be invoked. Since there is no evidence on the point in respect to some of the passengers and since the situation creates no hardship on the plaintiff of a nature entitling him to a transfer to the defendant of the burden of showing their character, his case fails.

*Judgment on the verdict.*

All concurred.

ON REHEARING. After the foregoing opinion was filed the plaintiff moved for a rehearing.

*Barton & Shulins* and *Leahy & Leahy*, for the motion.

ALLEN, J. The motion relies upon Laws 1927, *c.* 54, *s.* 6, *cl.* III, providing that: "No statement made by the insured or on his behalf,

and no violation of the terms of the policy, shall operate to defeat or avoid the policy so as to bar recovery within the limit provided in the policy." It is asserted that the statute controls the defendant's liability regardless of the policy. But it is declared by the act (s. 6, cl. II) that "The policy, the written application therefor, if any, and any rider or indorsement, which shall not conflict with the provisions of this act, shall constitute the entire contract between the parties." It is thus explicitly enacted that there shall be no liability except upon the policy. Conforming to the act, its terms measure the rights and duties arising from it.

It is further asserted that the exclusionary clauses should be considered as an inclusive part of its terms, in order to accomplish the purposes and designs of the act.

The act provides that the insurance commissioner shall approve a form of policy which among other things fixes "the limits of liability." The limits of liability are those the policy states. Liability for certain uses being excluded, it is limited to those included. It is not contended that the policy has not been officially approved, and the approval is of a form of policy not insuring the excluded uses.

The defendant claims no statement of the insured or violation of the terms of the policy as an avoidance. To drive with paying passengers was not forbidden by the policy, and the insured in thus driving disregarded no agreement. The insurer might not dispute his right to an uninsured use. It could say it did not insure such driving, and this is all it does say. Obviously, insurance premiums have some relation to the character and purposes of use as well as to the limits of time and payment. It is not to be held that a policy officially approved in form should not be construed according to its tenor or that it should impose a liability it did not assume. The legislation did not contemplate full protection. It sets minimum limits to the amount of liability, and nothing is found in it to show that special uses calling for special rates may not be excluded from the insurance.

*Former result affirmed.*

All concurred.