361 P.2d 330

**S. Z. WOLFF, Plaintiff-Appellant,**

v.

**GENERAL CASUALTY COMPANY OF AMERICA and General Insurance Company of America, Defendants-Appellees.**

No. 6682.

Supreme Court of New Mexico.

April 18, 1961.

Rehearing Denied May 10, 1961.

Rueckhaus & Watkins, Albuquerque, for appellant.

K. Gill Shaffer, Paul L. Butt, Albuquerque, for appellees.

PER CURIAM.

Upon consideration of Motion for Rehearing, the original opinion heretofore filed is withdrawn and the following substituted therefor.

CHAVEZ, Justice.

This is an appeal from a summary judgment granted in favor of appellees, defendants below.

Appellant, plaintiff below; filed suit against appellees seeking judgment for damages as a result of appellees' failure

and refusal to defend appellant, or to pay the demands and consequent judgment of one Jose A. Chacon, who, in a separate suit filed by said Chacon against appellant herein, recovered judgment against appellant for personal injuries received. Appellant also alleged that he was forced to hire attorneys and obligated himself to pay for said attorneys' services and certain costs in connection with the defense of the suit brought by Chacon against appellant.

Appellees had issued appellant a policy of insurance in which appellees agreed under "Insurance Agreements, I. Bodily Injury and Property Damage Liability":

"To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability assumed by him under contract (excluding liability under any contract not wholly in writing) or imposed upon him by law; (a) for damages, including damages for care and loss of services, because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained or alleged to have been sustained by any person or persons;"

Under paragraph III, Defense, Settlement, Supplementary Payments, of the policy, appellees agreed:

"As respects the insurance afforded by the other terms of this policy under Insuring Agreement I: (a) to defend in his name and behalf any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the company shall have the right to make such investigation, negotiation and settlement of any claim or suit as may be deemed expedient by the company;"

To appellant's complaint, appellees filed a motion for summary judgment and attached thereto an affidavit setting out that appellant's complaint against appellees arose as follows:

"1. * * * The plaintiff, S. Z. Wolff, was the holder of a certain insurance policy * * *; That under the facts in a prior case in Bernalillo County District Court, * * * wherein S. Z. Wolff was defendant, a judgment was recovered against the said S. Z. Wolff in the amount of $1,000.00 for compensatory damages and in the amount of $5,000.00 for punitive damages, * * * the Complaint in the prior action charged the said defendant, S. Z. Wolff, with 'maliciously and wrongfully assaulting the plaintiff,' [Chacon] and the Judgment and Verdict of the Jury were based on such assault, * * *.

"2. That by reason of the facts aforesaid, the defendants herein are not liable to the plaintiff for damages

caused by the plaintiff's willful act, under the terms of the insurance policy, * * *."

Appellant raises two points upon which he relies for reversal. Point I, that the trial court erred in granting summary judgment upon the grounds that the insurance policy did not insure appellant against damages awarded in suits arising out of appellant's willful acts; and point II, in granting a summary judgment dismissing appellant's complaint, in that said dismissal constituted a denial of appellees' obligations under its policy to defend appellant in suits brought against him.

Under point I appellant contends that the policy being designated as a "Blanket Liability Policy" it was intended to cover intentional acts of the policy holder such as an "assault."

The trial court, in granting summary judgment for appellees, found that there was no genuine issue as to any material fact on the ground that defendants' (appellees') liability insurance policy did not insure appellant (plaintiff) against damages awarded in suits arising out of appellant's willful acts.

As shown by the record, appellant became involved in an incident with one Jose A. Chacon in Albuquerque, the result of which was that appellant, feeling himself in danger of bodily harm, discharged a tear gas pencil in the direction of said Chacon. Thereafter, Chacon filed suit for personal injuries against appellant charging appellant with "maliciously and wrongfully assaulting the plaintiff." Chacon obtained a judgment, by a jury verdict, against appellant for $1,000 compensatory damages and $5,000 punitive damages.

The insurance policy involved in this case is different from other insurance policies in that the terms "accident," "caused by accident," or "occurrence" are not found in the insuring agreements. The customary insurance provision is that the insurance company becomes obligated to pay, on behalf of the insured, all sums which the insured shall become legally obligated to pay as damages because of injury or damage to property, including the loss of use thereof, caused by accident and arising out of certain hazards, and which hazards are usually defined in the policy.

The policy in the instant case does provide that the company's liability on account of bodily injury is limited to a certain sum, and is also subject to the same limit for each person, as the result of one occurrence, and then limits the sum to said one occurrence. We also find therein the words "resulting from one occurrence," and the words "resulting from any one accident."

Appellees place particular emphasis on the words "resulting from any one occurrence" and "resulting from any one accident," and then proceed to cite cases

wherein the insuring clause insures against bodily injury or property damage "caused by accident." We are familiar with these cases. See O'Rourke v. New Amsterdam Casualty Co., 68 N.M. 409, 362 P.2d 790. However, in the policy involved in this case we do not find the words "accident" or "occurrence" in the insuring agreements, other than as above set out; instead we find the following:

"To pay on behalf of the insured all sums which the insured shall become obligated to pay * * * (a) for damages * * * because of bodily injury * * * sustained or alleged to have been sustained by any person or persons;"

The difficulty with appellees' argument is that the term "accident" has been construed by the courts in those cases in which there is a provision in the policy which insures the assured against injury by "accident" or "caused by accident" and some courts have construed the word "accident" as used in an insurance policy as meaning "an unexpected happening without intention or design." Weis v. State Farm Mutual Automobile Ins. Co., 242 Minn. 141, 64 N.W.2d 366, 367, 49 A.L.R.2d 688.

We must look to the language used in the policy and resolve whether appellant is covered under the terms of the insurance policy, notwithstanding appellant's assault. In the policy before us there is no provision excluding coverage for willful acts or for "assault and battery." Neither is there a "violation of law exception." The words "assault and battery" do not appear therein. In some policies the words "assault and battery" are defined thusly:

"Assault and battery shall be deemed an accident unless committed by or at the direction of the assured."

We are cognizant that generally courts, on grounds of public policy, refuse to allow insurance of illegal activites lest such be encouraged thereby. Northwest Amusement Co. v. Aetna Casualty & Surety Co., 165 Or. 284, 107 P.2d 110, 132 A.L.R. 118. Thus, on grounds of public policy it was held that felons cannot recover insurance for injuries or damages proximately caused by their own intentional crimes. Acme Finance Co. v. National Ins. Co., 118 Colo. 445, 195 P.2d 728, 4 A.L.R.2d 131. See also Haser v. Maryland Casualty Co., 78 N.D. 893, 53 N.W.2d 508, 33 A.L.R.2d 1018.

A contract directly contemplating the indemnification of another against consequences arising from his willful violation of a statute, or his commission of a crime or public offense, generally is against public policy and hence void. 6 Blashfield, (Perm. Ed.), § 3833, p. 508.

Michigan does not, as a general rule, bar recovery under policies of liability insurance because some illegal act was involved in

the damage. Pawlicki v. Hollenbeck, 250 Mich. 38, 229 N.W. 626.

In Cooley's Briefs on Insurance (2d), Vol. 6, p. 5201, it is stated:

"In the absence of any provision in the policy excepting such a risk, the insurer is liable, though the insured was killed while committing a felony, if it does not appear that the policy was obtained in contemplation of the commission of a felony and the consequent danger. Jordan v. Logia Suprema de la Alianza Hispano-Americana, 23 Ariz. 584, 206 P. 162, 24 A.L.R. 974; McDonald v. Order of Triple Alliance, 57 Mo.App. 87. And see Mutual Life Ins. Co. v. Guller, 68 Ind.App. 544, 119 N.E. 173."

In 6 Blashfield, (Perm.Ed.), § 3974, p. 684, we find the following:

"Notwithstanding the general rule against indemnifying another from the consequences of his willfully criminal acts, a liability policy which indemnifies against loss from liability imposed by law, on account of injuries accidentally suffered as a result of the ownership, maintenance, or use of an automobile, by the insured is not necessarily confined to cases in which there has been no violation of the criminal law, or other public offense, by him. So to restrict it would reduce indemnity to a shadow."

In Fidelity & Casualty Company of New York v. Reece, 10 Cir., 223 F.2d 114, the court held that the scope of liability insurance is determined from the contractual intent and objectives of the parties as expressed in the policy and its endorsements.

The obligation of a liability insurer is held to be contractual and is to be determined by the terms of the policy. Snyder v. National Union Indemnity Co., 10 Cir., 1933, 65 F.2d 844. Schneider v. Ft. Dearborn Casualty Underwriters, 258 Ill.App. 58; Raymond v. Great American Indemnity Co., 86 N.H. 93, 163 A. 713; Roemhild v. Home Ins. Co., 130 Or. 50, 278 P. 87.

In Bergholm v. Peoria Life Insurance Co., 284 U.S. 489, 492, 52 S.Ct. 230, 231, 76 L.Ed. 416, the court said:

"Contracts of insurance, like other contracts, must be construed according to the terms which the parties have used, to be taken and understood, in the absence of ambiguity, in their plain, ordinary, and popular sense * * *."

▮ The insurance policy before us is valid and under its terms appellees insured appellant for damages because of bodily injuries "sustained or alleged to have been sustained by any person or persons."

In Chamberlain v. Mutual Ben. Health & Acc. Ass'n, Mo.App.1953, 260 S.W.2d 790, 794, it was held that the "violation of law" exception frequently found in accident

policies is operative only if there is a clear violation of some criminal law and the exception does not prevail if, at the time insured was injured or killed, he was violating merely a civil right, a law or ordinance not criminal in its nature.

The record before us does not disclose a violation of a criminal statute on the part of appellant. There is nothing in the record that the incident between appellant and Chacon has been the subject of a criminal complaint, arrest or criminal trial, much less a conviction. On the facts shown by the record, it is impossible for us to hold that a criminal act was committed by appellant. This is so notwithstanding that in the civil case filed by Chacon punitive damages were allowed.

In Taylor v. John Hancock Mutual Life Insurance Co., 1957, 11 Ill.2d 227, 142 N.E. 2d 5, 6, the Supreme Court of Illinois, in affirming a judgment of the appellate court, held that the death of an insured in a fire, which started accidentally while insured and another were preparing to burn down a house to collect fire insurance, was death by accidental means, and the beneficiary was entitled to recover on an accident policy, which did not contain a violation of law clause, in absence of evidence that the policy was procured in contemplation of the crime. The court said:

"But even though there is coverage under the terms of the policy, the defendant still insists that it would be against public policy to permit a recovery. This is predicated on the fact that the insured was engaged at the time in an unlawful act.

. "In considering this issue it must be borne in mind that there is no evidence that the policy was procured in contemplation of the crime or that the beneficiary was guilty of any wrongdoing.

"The authorities are divided on the question, see 23 A.L.R.2d 1105, with perhaps a majority favoring the beneficiary. (See Vance on Insurance, sec. 190; Appleman, Insurance Law and Practice, sec. 511; Couch, Cyclopedia of Insurance Law, sec. 1236.) It is a matter of first impression for us.

"[3] As noted, there is nothing in this contract of insurance which bars a recovery. The policy does not contain a so-called 'violation of law' clause, and if recovery is to be denied it must be because of some overriding public policy. However, we find no such established policy in Illinois, nor do we believe any should be recognized now. Indeed, in analogous situations this court has allowed a recovery. See, for example, Grand Legion of Illinois, Select Knights of America v. Beaty, 224 Ill. 346, 79 N.E. 565, 8 L.R.A., N.S., 1124 (insured committed suicide) and Collins v. Metropolitan Life Ins. Co.,

232 Ill. 37, 83 N.E. 542, 14 L.R.A., N.S., 356 (insured executed for a crime)."

The insurance policy before us contains certain exclusions; however, there is no clause pertaining to exclusion of liability in case of an assault, or in case of a willful act, or in case of a violation of law. Appellees could, by clear language in the policy, have excluded from its coverage liability for an assault and battery made by or at the direction of the insured, or for his willful acts, or for a violation of law. If public policy requires that we hold against appellant in this case, we would be writing into the policy, or inferring into the policy, the limitations or exclusions set out above, and under the facts of this case we decline to infer them.

In the case of Innis v. McDonald, Ohio Com.Pl.1956, 150 N.E.2d 441, 445, the court held:

"Where exceptions, qualifications or exemptions are introduced into an insurance contract, a general presumption arises to the effect that that which is not clearly excluded from the operation of such contract is included in the operation thereof."

■ We hold that under the terms of the insurance policy involved and on the basis of the facts alleged in the complaint and the motion for summary judgment, that there is no public policy in New Mexico which requires denial of coverage.

The cause is remanded to the district court with direction to set aside and vacate the summary judgment heretofore entered; to reinstate the case on the docket, and proceed with said cause in a manner not inconsistent with the views herein expressed.

It is so ordered.

COMPTON, C. J., and CARMODY and MOISE, JJ., concur.

NOBLE, J., not participating.