**HOME INDEMNITY COMPANY et al.,**
**Appellants,**

v.

**Jean TYLER et al., Appellees.**

**No. 1126.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

April 9, 1975.

Rehearing Denied April 30, 1975.

Don Weitinger, Robert H. Steelhammer, Weitinger, Steelhammer & Tucker, Houston, for appellants.

Glenn Vickery, Ben Ramey, Houston, for appellees.

COULSON, Justice.

This suit for personal injuries involves uninsured motorist coverage as provided by Vernon's Tex.Ins.Code Ann. art. 5.06–1 (Supp.1975).

Jean Baughman Tyler was the owner of an automobile covered by a Family Protection Insurance Policy issued by Home Indemnity Company to Jean Tyler, as named insured. Said policy of insurance contained the standard uninsured motorist provisions. On June 26, 1971, the said automobile was being driven by Sharon Baughman, the daughter of Jean Baughman Tyler. Jean Baughman Tyler was a passenger in the automobile. The automobile driven by Sharon Baughman was struck by a car driven by Helen Marie Carmichael. As a result of the collision, both Sharon Baughman and Jean Baughman Tyler (hereinafter plaintiffs) suffered personal injuries. Each plaintiff instituted suit for recovery of her damages.

The first amended original petitions filed by each plaintiff allege that Helen Marie Carmichael did not carry public liability insurance, and that, therefore, the uninsured motorist provisions of the Family Protection Insurance Policy issued by Home Indemnity Company to the plaintiff, Jean Tyler, were effective. The first amended original petition of each plaintiff named Helen Marie Carmichael and the Home Indemnity Company as defendants. The plaintiffs each sought to recover $75,000

actual damages and $75,000 exemplary damages. The two suits were ordered consolidated.

On May 21, 1974, trial was had before a jury. Although Helen Marie Carmichael answered the petition of each plaintiff, she neither appeared in person nor through her attorney at the trial of the case. After the presentation of evidence, and in response to special issues, the jury found "that the act of the Defendant HELEN MARIE CARMICHAEL in failing to keep her car completely in the right half of the roadway, was a proximate cause of the occurrence in question" and that such conduct "was a heedless and reckless disregard of the rights of others affected by it." The jury further found that Jean Tyler suffered actual damages totaling $6,115.04 and that she was entitled to an award of $2,000 exemplary damages. The jury further found that Sharon Baughman suffered actual damages totaling $4,166.37 and that she was entitled to an award of $2,000 exemplary damages. Upon this jury verdict, the trial court entered judgment on July 31, 1971, that Jean Tyler and Sharon Ann Baughman recover from Home Indemnity Company and Helen Marie Carmichael, and either of them jointly and severally, the sum of $14,281.41, with interest thereon from date of judgment and all costs of court.

The defendant Home Indemnity Company has perfected its appeal from the final judgment entered by the trial court.

Home Indemnity Company asserts as its first point of error "The Trial Court erred in failing to grant Appellant's Motion for Judgment NOV.," and as its second point of error, "There was no evidence in the record that Carmichael was an uninsured motorist." Home Indemnity Company asserts in its motion for judgment n.o.v., its motion for new trial, and in its brief, that the plaintiffs failed to offer any proof that the alleged tort feasor, Helen Marie Carmichael, was an uninsured motorist.

■ Ordinarily, in order to recover under the uninsured motorist provisions of an insurance policy, the plaintiff has the burden of proving that the tort feasor is an uninsured motorist. Pan American Fire & Casualty Company v. Loyd, 411 S.W.2d 557 (Tex.Civ.App.-Amarillo 1967, no writ); Johnson, Proving Motorist Uninsured, 35 Tex.B.J. 337 (1972). In the case before this Court, the record contains no evidence that the plaintiffs met this burden of proof. However, the judgment states that:

When this cause was tried, Mr. Weitinger told the Jury on Voir Dire that there was no issue on the question of Defendant, CARMICHAEL'S status as an uninsured motorist. In open Court, both as the trial was beginning, and as the charge was being drawn, Mr. Weitinger told the Court that whether Defendant, CARMICHAEL was uninsured was not an issue.

(Mr. Weitinger is the attorney for Home Indemnity Company.)

■ The defendant, Home Indemnity Company, did not attack the recital by the trial judgment that counsel representing Home Indemnity stated in open court that there was no issue on the status of Carmichael as an uninsured motorist. Texas Rules of Civil Procedure 372 provides for a "Bill of Exception" to make such an attack. The unimpeached recital in the judgment is, therefore, binding upon this Court. Hutchison v. East Texas Oil Co., 167 S.W.2d 205 (Tex.Civ.App.-Galveston 1943, writ ref'd w.o.m.); Hart v. Foster, 109 S.W.2d 504 (Tex.Civ.App.-Fort Worth 1937, writ dism'd). The appellant's first two points of error are accordingly overruled.

The third point of error asserted by Home Indemnity Company states "The Judgment for exemplary damages against Home Indemnity Company is for damages not covered by the policy of insurance under the uninsured motorist coverage provision." Home Indemnity Company argues that such an award contravenes public policy by allowing an innocent party to be

punished for the wrong doings of a third party tort feasor.

In Dairyland County Mutual Ins. Co. v. Wallgren, 477 S.W.2d 341 (Tex.Civ.App.-Fort Worth 1972, writ ref'd n.r.e.) the court held that an insurance company which had agreed to:

> . . . pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of: . . . bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury', sustained by any person; arising out of the ownership, maintenance or use of the owned automobile or any non-owned automobile . . ..

was liable to the plaintiff for exemplary damages adjudged against the insured. In that case the court focused primarily upon the language of the contract in determining that the insurer should be held liable. The court did not deal with the public policy concerns which have led courts of some states to refuse to hold insurance companies liable for exemplary damages and which are urged upon us in this case. *See* Note, 10 Hous.L.Rev. 192 (1972).

The contract language involved in this case is almost identical to that in the *Dairyland County* case. Article 5.06–1 requires automobile liability insurance policies to provide uninsured motorist coverage within the limits described by Vernon's Tex.Rev.Civ.Stat.Ann. art. 6701h, § 21(b) (2) (Supp.1975). In conformity with the statutes, the standard uninsured motorist provisions state that the insurer will "pay all sums which the insured . . . shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile. . . . "

The uninsured motorist laws are remedial in nature and should be interpreted liberally. Hamaker v. American States Insurance Co. of Texas, 493 S.W.2d 893 (Tex.Civ.App.-Houston [1st Dist.] 1973, writ ref'd n.r.e.).

The contract provisions call upon the insurance company to pay the insured "all sums which the insured . . . shall be legally entitled to recover. . . . " The public policy considerations which might stand against indemnifying a wrongdoer are not relevant to the considerations in the present case. There is no public policy against an insurance company's promise to pay an insured the amount which the insured party has become entitled to recover because of the recklessness of some third party. The plaintiffs in this case have been adjudged to be legally entitled to recover exemplary damages from the operator of the uninsured automobile and it is the insurer's contractual obligation to pay those exemplary damages. The appellant's third point of error is overruled.

Affirmed.