CUPPETT ET AL., APPELLANTS, *v.* GRANGE MUTUAL COMPANIES, APPELLEE.

(No. E-83-7—Decided June 3, 1983.)

*Mr. Michael T. Murray,* for appellants.

*Mr. Kevin J. Zeiher,* for appellee.

DOUGLAS, J. This case comes before this court on appeal from judgment of the Erie County Court of Common Pleas.

This case arose as the result of the refusal of appellee, Grange Mutual Companies, to arbitrate a claim for punitive damages filed by its insureds, appellants Marlene B. Cuppett and Michael D. Cuppett, pursuant to the uninsured motorist provision of an insurance policy issued to appellants by appellee. On October 21, 1982, appellants filed a complaint for declaratory judgment in the Erie County Court of Common Pleas, seeking a determination of whether appellee was liable, under the terms of the uninsured motorist provision of its policy, for any punitive damages to which appellants would be entitled at law. On November 12, 1982, appellee answered, denying liability.

On February 18, 1983, the trial court, having considered the parties' pleadings and memoranda of law, entered judgment, determining that "* * * Grange Mutual Companies [appellee] not be required to respond to punitive damages * * *" and dismissing appellants' complaint.

From that judgment, appellants appeal, presenting the following assignment of error:

Assignment of Error

"The Erie County Common Pleas Court erred in ruling that the uninsured motorist provisions of the Plaintiffs-Appellants' auto policy did not extend to cover punitive damages when the policy in question required the insurance company: 'To pay all sums which the insured * * * shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury * * * caused by an accident * * * or use of such uninsured motor vehicle.'"

Our review of the record reveals that the insurance policy in issue provided, in pertinent part, as follows:

"To pay *all sums which the insured* or his legal representative *shall be legally entitled to recover as damages* from the owner or operator of an uninsured motor vehicle * * *." (Emphasis added.)

Upon consideration of the foregoing language, we find that appellee clearly and unambiguously contracted to pay the insured *all sums* which the insured is legally entitled to recover from an uninsured motorist. In the absence of a provision expressly excluding punitive damages, the term "all sums" must, by its clear import, include punitive as well as compensatory damages. See *Ady* v. *West American Ins. Co.* (1982), 69 Ohio St. 2d 593 [23 O.O.3d 495]; *Home Indemn. Co.* v. *Tyler* (Tex. App. 1975), 522 S.W. 2d 594. We, therefore, find appellants' assignment of error well-taken.

On consideration whereof, the court finds that substantial justice has not been

done the parties complaining, and the judgment of the Erie County Court of Common Pleas is reversed.

*Judgment reversed and cause remanded.*

RESNICK, J., concurs separately.

CONNORS, P.J., dissents.

RESNICK, J., concurring. I concur in the judgment herein, but write separately so that I might clarify several important points.

In the case at bar, the appellee had the opportunity to prepare the insurance policy. Therefore, the words "all sums" must be strictly construed against the insurer and in favor of the insured. That is why I concur that the issue of punitive damages in the instant case must be submitted to arbitration. However, in all other cases where the words "all sums" are not found in the insurance policy, I would not come to the same conclusion for the following reasons.

First, the purpose of uninsured motorist coverage is set forth in the case of *Bartlett* v. *Nationwide Mut. Ins. Co.* (1973), 33 Ohio St. 2d 50 [62 O.O.2d 406], at page 52:

"The basic purpose of R.C. 3937.18 is clear. It 'is designed to protect persons injured in automobile accidents *from losses which, because of the tortfeasor's lack of liability coverage, would otherwise go uncompensated.*' [Citations omitted.] In other words, the legislative purpose in creating compulsory uninsured motorist coverage was to place the injured policyholder in the same position, with regard to the recovery of damages, that he would have been in if the tortfeasor had possessed liability insurance." (Emphasis added.)

From this it is readily apparent that the reason for the creation of uninsured motorist coverage was to make the injured party whole from damages received from an uninsured motorist — in other words, to compensate the injured party. This writer is of the opinion, therefore, that the legislature did not intend to include punitive damages in uninsured motorist coverage. This becomes apparent when we consider the basic definition of punitive damages, to wit:

"* * * [Punitive damages] are given in enhancement of the ordinary damages on account of the wanton, reckless, malicious or oppressive character of the act complained of. The interchangeable terms 'punitive,' 'exemplary' or 'vindictive' damages *denote those in excess of actual loss and are allowed, in theory, as an example to deter others from offending as did the wrongdoer.* See 16 Ohio Jurisprudence 2d 279, Damages, Section 141 *et seq.*, and cases cited thereunder." (Emphasis added.) *Trainor* v. *Deters* (1969), 22 Ohio App. 2d 135, at page 139 [51 O.O.2d 258].

From this it can be seen that the purpose of punitive damages is to punish the wrongdoer — to hold him up to others so as to deter them from committing similar acts. What purpose can possibly be accomplished by requiring one's own insurance company to pay punitive damages under an uninsured motorist policy?

In conclusion, therefore, this writer is only concurring in judgment based solely on the language of this particular policy. The appellee drafted the language of the policy and by using the words "all sums" the issue of punitive damages must, of necessity, be submitted to arbitration.

There being a conflict throughout the United States as to the propriety of assessing punitive damages against the insured's own insurance company, it is perhaps time for the Supreme Court to definitively settle this issue.