726 P.2d 1374

In the Matter of the Arbitration Between Mike Stewart, Insured, and State Farm Mutual Automobile Insurance Company, Insurer,

Mike STEWART, Appellee,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.

No. 16216.

Supreme Court of New Mexico.

Oct. 28, 1986.

Janet Santillanes, Klecan & Santillanes, Albuquerque, for appellee.

John E. Conway, Sarah M. Singleton, Christine F. Gray, Montgomery & Andrews, P.A., Santa Fe, for appellant.

## OPINION

WALTERS, Justice.

On December 3, 1983, appellee Stewart was injured in an automobile accident caused by an uninsured motorist. At the time of the accident Stewart was insured under a policy issued by appellant State

Farm. The policy included uninsured motorist coverage which provided that State Farm would "pay all sums which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of (a) bodily harm ... and (b) property damage." The liability limitation for bodily injury under the term of the policy was $15,000 per person.

The policy also contained an arbitration clause which provided, in part, that a panel of three arbitrators would "hear and determine the question or questions in dispute, and the decision in writing of any two arbitrators shall be binding upon the insured and the company." Pursuant to this provision, Stewart and State Farm submitted their dispute to an arbitration panel. After a hearing, the arbitrators unanimously awarded Stewart $3,500 in compensatory damages, noting in their opinion that the panel did not have jurisdiction to award punitive damages but suggesting that if a proper court found that punitive damages could be awarded under the terms of the insurance policy, the amount should be $25,000.

Stewart, in accordance with New Mexico's Arbitration Act, filed a motion to confirm the arbitration award. NMSA 1978, § 44–7–11. In response, State Farm moved to correct and modify the award. NMSA 1978, § 44–7–13. Upon concluding that Stewart could recover punitive damages under the terms of the policy, the trial judge adopted the panel's compensatory award and the amount of punitive damages the panel deemed proper, and confirmed the decision of the arbitrators in its entirety. State Farm's motion for reconsideration was denied. State Farm paid Stewart the compensatory damages awarded and brought this appeal to challenge the allowance of punitive damages.

State Farm maintains, first, that the uninsured motorist provisions included in Stewart's policy do not provide coverage for punitive damages; and, second, that the determination of punitive damages by the arbitrators exceeded their authority and

therefore should have been vacated by the trial court. Alternatively, State Farm contends that even if the policy coverage includes punitive damages, the insurance contract limits the total amount of recovery to $15,000. We agree with State Farm that the arbitrators would have exceeded their authority had they made a punitive damage award. We also agree that any damage award must be within the policy limitations; we do not agree, however, that the policy excludes coverage for punitive damages.

### I.

Although whether to require an insurer to pay punitive damages to an insured under uninsured motorist coverage is a case of first impression in New Mexico, there is an absence of uniformity in the decisions of other jurisdictions. *Compare California State Automobile Association Inter-Insurance Bureau v. Carter,* 164 Cal.App.3d 257, 210 Cal.Rptr. 140 (1985) (insured not entitled to collect punitive damages from insurer where policy excludes such recovery); *Suarez v. Aguiar,* 351 So.2d 1086 (Fla.App.1977) (since insured not entitled to collect punitive damages under automobile liability policy, he may not recover under uninsured motorist coverage); *Braley v. Berkshire Mutual Insurance Co.,* 440 A.2d 359 (Me.1982) (policy did not encompass award of punitive damages under uninsured motorist coverage); *State Farm Mutual Automobile Insurance Co. v. Daughdrill,* 474 So.2d 1048 (Miss.1985) (law requiring uninsured motorist coverage for all sums which insured is "legally entitled to recover" does not require coverage for punitive damages); and *Laird v. Nationwide Insurance Co.,* 243 S.C. 388, 134 S.E.2d 206 (1964) (neither uninsured motorist law nor policy issued in conformity therewith requires payment of punitive damages for "bodily injury"), *with Abbie Uriguen Oldsmobile Buick, Inc. v. U.S. Fire Insurance Co.,* 95 Idaho 501, 511 P.2d 783 (1973) (liability policy must clearly exclude coverage of punitive damages); *Hutchinson v. J.C. Penney Casualty In-*

*surance Co.*, 17 Ohio St.3d 195, 478 N.E.2d 1000 (1985) (punitive damages allowed under contract with similar language because terms are construed against insurer); *Ady v. West American Insurance Co.*, 69 Ohio St.2d 593, 433 N.E.2d 547 (1981) ("because of bodily injury" does not exclude punitive damages); *Cuppett v. Grange Mutual Co.*, 12 Ohio App.3d 82, 466 N.E.2d 180 (1983) (identical provision unambiguously obligated insurer to pay punitive damages); *Carroway v. Johnson*, 245 S.C. 200, 139 S.E.2d 908 (1965) (punitive damages are damages "because of bodily injury" as they are predicated upon actual damages, arise in connection with bodily injury, and conform to the expectation of the average insured in absence of express limitation); *Mullins v. Miller*, 683 S.W.2d 669 (Tenn.1984) (punitive damages allowed in case with identical uninsured motorist act); *Home Indemnity Co. v. Tyler*, 522 S.W.2d 594 (Tex.Civ.App. 1975) (contractual obligation to pay punitive damages); and *Lipscombe v. Security Insurance Co.*, 213 Va. 81, 189 S.E.2d 320 (1972) (punitive damages are a "sum" which claimant is "legally entitled to recover").

Most courts acknowledge that allowing an insured to recover punitive damages from the insurer does not further the public policy of awarding punitive damages to punish the tortfeasor rather than to compensate the plaintiff. New Mexico has recognized the general principle underlying the award of punitive damages. *Gonzales v. Sansoy*, 103 N.M. 127, 703 P.2d 904 (Ct.App.1984).

Nevertheless, those jurisdictions which allow recovery have identified stronger, competing policies embodied in statutory construction and general contract principles which, when applied to statutes and policy provisions virtually identical to those involved in the instant case, have required a determination of coverage. *See, e.g., Hutchinson v. J.C. Penney Casualty Insurance Co.; Cuppett v. Grange Mutual Co.; Mullins v. Miller; Lipscombe v. Security Insurance Co.* We find the reasoning in those opinions persuasive.

We examine New Mexico's Uninsured Motorists' Insurance Act to determine whether punitive damages are included under uninsured motorist coverage. The applicable statute requires that an insurance policy contain uninsured motorist coverage "for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury ... or destruction of property." NMSA 1978, § 66–5–301 (Repl.Pamp. 1984).

A legislative purpose behind enacting compulsory uninsured motorist coverage is "to protect the insured against the financially unresponsible motorist, not to protect the insurance company." *Gantt v. L & G Air Conditioning*, 101 N.M. 208, 213, 680 P.2d 348, 353 (Ct.App.1983). In *Gantt*, the court correctly observed that the only condition to protection under the provision is that "the injured person must be legally entitled to recover damages from the uninsured motorist." *Id.* Here, Stewart's right to recover punitive damages from the uninsured driver is not in dispute since State Farm stipulated that the driver who struck Stewart had been grossly negligent. Gross negligence is a basis for awarding punitive damages. *Ruiz v. Southern Pacific Transp. Co.*, 97 N.M. 194, 638 P.2d 406 (Ct.App.), *cert. quashed*, 97 N.M. 242, 638 P.2d 1087 (1981); *Loucks v. Albuquerque National Bank*, 76 N.M. 735, 418 P.2d 191 (1966); NMSA 1978, UJI Civ. 18.27 (Repl.Pamp.1980). We conclude that, under the New Mexico statute, uninsured motorist coverage includes coverage for punitive damages.

State Farm argues that the phrase "because of bodily injury" modifies the phrase "legally entitled to recover" in such a way as to preclude awarding punitive damages in that they do not arise "because of bodily injury." We reject this argument as specious, because punitive damages are predicated upon actual damages, and the actual damages were awarded in this case for the conduct which resulted in the insured's bodily injury. *Gonzales v. Sansoy*, 103

N.M. 127, 703 P.2d 904 (Ct.App.1984); *see also Carroway v. Johnson; Ady v. West American Insurance Co.*

It is suggested that uninsured motorist coverage represents a contract between the insured and the insurance company, *Gantt v. L & G Air Conditioning,* and the scope of coverage, therefore, must be influenced to some degree by the "contractual intent and objectives of the parties as expressed in the policy and its endorsements." *S.Z. Wolff v. General Casualty Company of America,* 68 N.M. 292, 296, 361 P.2d 330, 333 (1961).

▆ The language of the provision of the instant policy is virtually identical to the language of the uninsured motorist statute. Under it, State Farm agrees to pay *"all sums which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of (a) bodily harm ... and (b) property damage."* (Emphasis added.) The prevailing trend, absent an express exclusion in the policy, is to impose liability under uninsured motorists' insurance for punitive damages. State Farm consequently was on notice that such an exclusionary clause might be a determining factor of coverage. State Farm might have attempted to limit its liability for punitive damages in its policy language; it did not make that effort.

This court is unwilling to infer exclusions not contained in insurance policies. *Id.* at 298, 361 P.2d at 334. We are guided by the well-settled principle that an insurance policy will be strictly construed against the insurer as the author of the policy. *Lopez v. Foundation Reserve Insurance Co.,* 98 N.M. 166, 646 P.2d 1230 (1982). We therefore hold that under our uninsured motorist law, an insured may recover punitive damages from his insurer if he would be legally entitled to recover them from the uninsured tortfeasor.

We are satisfied that our decision does not subvert the policy underlying award of punitive damages. The insurance company's payment of punitive damages to its insured does not preclude its recovery from the tortfeasor. Our holding today merely shifts the burden of filing suit against an uninsured tortfeasor for the payment of punitive damages from the insured to the insurer.

## II.

▆ State Farm next argues that the trial judge should have vacated the arbitrators' punitive damage finding because it exceeded their authority. NMSA 1978, § 44–7–12 A(3). It relies on our statement in *Shaw v. Kuhnel & Associates, Inc.,* 102 N.M. 607, 698 P.2d 880 (1985), where, in dicta, we said: "[A]n arbitrator should not be given authority to award punitive damages. This power is reserved to the courts." *Id.* at 609, 698 P.2d at 882, *citing Garrity v. Lyle Stuart, Inc.,* 40 N.Y.2d 354, 386 N.Y.S.2d 831, 353 N.E.2d 793 (Ct. App.1976).

The issue of an arbitration panel's authority with respect to an award of punitive damages is not again before us. The arbitrators did not award punitive damages to Stewart; they merely found the amount of damages that a "proper court" should award, if the court were persuaded that punitive damages were warranted. Undoubtedly, it was our statement in *Shaw* that prompted the cautious finding by the arbitrators.

The trial court's findings and conclusions clearly acknowledge the advisory nature of the arbitrators' decision. They just as clearly indicate the trial court's consideration of and agreement with the assessment of the arbitrators—who were the factfinders—on the question and amount of punitive damages. This is not an issue of the panel's exceeding its authority; it concerns only a realistic appraisal of the language used in the arbitrators' decision and in the trial court's findings and conclusions, and an inescapable recognition that the trial court concurred in the amount suggested by the panel. This point on appeal is without merit.

## III.

▆ Finally, even though punitive damages are appropriate under the uninsured

motorist provision of an insurance policy, we must agree with State Farm that the total amount of damages for which it can be held liable should not exceed the policy limits of $15,000. "An insurance policy is a contract and is generally governed by the law of contracts, and the rights and duties of the parties are to be determined by its terms." *Thompson v. Occidental Life Insurance Co. of California,* 90 N.M. 620, 621, 567 P.2d 62, 63 (Ct.App.1977). Although factually not directly on point, this court, in *Schmick v. State Farm Mutual Automobile Insurance Co.,* 103 N.M. 216, 704 P.2d 1092 (1985), recognized that the first step in considering the correctness of an award under New Mexico's underinsured motorist provisions must be to determine the insurance policy's liability limitations. By implication, Stewart's recovery of total damages should not exceed the liability limitations of his policy. His policy provided for $15,000 in coverage, and that liability was based upon payment of a specific premium. To require State Farm to pay Stewart in excess of the policy limit extends coverage beyond the terms of the contract, regardless of the premium paid by the insured. Consequently, when we subtract compensatory damages of $3,500 already paid by State Farm, the balance remaining permits only an award of $11,500 for punitive damages, plus interest from date of judgment.

The decision below is reversed in part and affirmed in part and remanded for modification of the judgment on punitive damages accordingly.

RIORDAN, C.J., and SOSA, Sr.J., concur.