532 So.2d 506 (1988)
Keith X. BAUER
v.
Earnest C. WHITE and State Farm Mutual Automobile Insurance Company.
No. CA 87 0956.
Court of Appeal of Louisiana, First Circuit.
October 12, 1988.
Leo J. D'Aubin, Baton Rouge, for plaintiff-appellee Keith X. Bauer.
William F. Janney, Baton Rouge, for defendant-appellant State Farm Mut. Auto. Ins. Co.
*507 No appearance for Earnest White, defendant.
Before WATKINS, CRAIN and ALFORD, JJ.
ALFORD, Judge.
This is a suit for damages in tort, for exemplary damages and for penalties and attorney fees by a Baton Rouge City Police officer (Keith X. Bauer) against the driver which struck his car (Earnest C. White) and Bauer's uninsured motorist carrier (State Farm Mutual Automobile Insurance Company). The liability of White, who was driving while intoxicated and who is uninsured, is not disputed.
The trial court rendered judgment in favor of Bauer and against White and State Farm in the amount of $5,000 general damages, $5,000 exemplary damages and for all costs in the proceedings. Additionally, the trial court awarded Bauer $600 penalties and $2,081.25 attorney fees against State Farm. State Farm appeals from the trial court's judgment raising the following assignments of error:
(1) The trial court erred in denying State Farm's Exception of No Cause of Action regarding exemplary damages and in assessing exemplary damages against State Farm as uninsured motorist carrier for Bauer;
(2) The trial court erred in finding State Farm arbitrary and capricious and awarding Bauer penalties and attorney fees; and
(3) The trial court abused its discretion by awarding excessive general and exemplary damages to Bauer.
Bauer answered State Farm's appeal requesting that the general and exemplary damage awards be increased and that the award for attorney fees be increased for the cost of appeal. Additionally, Bauer requests that the judgment be amended to reflect that White and State Farm are liable in solido for the general and exemplary damages and court costs. After careful reflection, we affirm the trial court judgment with the following amendments.

EXEMPLARY DAMAGES
La.Civ.Code art. 2315.4 was enacted by Act 511 of 1984 as article 2315.1, was redesignated as article 2315.2 and was again redesignated in 1986 as article 2315.4. The article provides:
In addition to general and special damages, exemplary damages may be awarded upon proof that the injuries on which the action is based were caused by a wanton or reckless disregard for the rights and safety of others by a defendant whose intoxication while operating a motor vehicle was a cause in fact of the resulting injuries.
It is undisputed that article 2315.4 applies to the defendant, White. White rear ended Bauer's car, which was stopped at a stop sign and then backed down the street, smashing into another car. White then went forward striking a tree and was thereafter stopped by police officers. White registered a .24 on an intoxilizer test within 45 minutes of the accident.
The issue raised by State Farm is whether or not an uninsured motorist carrier is liable for exemplary damages. This issue is new to Louisiana where exemplary damages have not historically been available. However, this issue has been presented to and decided by the courts of many other states. The majority of courts of other states[1] have held that an uninsured motorist carrier is liable for exemplary (punitive) damages, and we are in accord with this majority view. To resolve this issue we examined the statute which mandates and governs uninsured motorist coverage in Louisiana, La.R.S. 22:1406(D), and *508 State Farm's uninsured motorist provision in the insurance policy issued to Bauer.
The Louisiana Uninsured Motorist Statute, La.R.S. 22:1406(D), requires that each insurance policy written in Louisiana provide the statutorily set minimum coverage to drivers injured by uninsured motor vehicles, absent a written choice by the insured not to elect such coverage, "* * * for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom * * *." The object of the statute is to promote full recovery for damages by innocent automobile accident victims by making uninsured motorist coverage available for their benefit as primary protection when the tortfeasor is without insurance and as additional or excess coverage when he is inadequately insured. Roger v. Estate ofMoulton, 513 So.2d 1126 (La.1987); Block v. Reliance Insurance Company, 433 So.2d 1040 (La.1983); Johnson v. Fireman's Fund Insurance Company, 425 So. 2d 224 (La.1982); Hoefly v. Government Employees Insurance Company, 418 So. 2d 575 (La.1982); Bond v. Commercial Union Assurance Company, 407 So.2d 401 (La. 1981); Niemann v. Travelers Insurance Company, 368 So.2d 1003 (La. 1979).
The intent of uninsured motorist coverage is "to protect the insured at all times against the generalized risk of damages at the hands of the uninsured motorists and not to limit coverage to certain situations or to a certain degree of risk of exposure to the uninsured motorists." Elledge v. Warren, 263 So.2d 912, 918 (La.App. 3d Cir.), writ denied, 262 La. 1096, 266 So.2d 223 (1972). To carry out this objective of providing reparation for those injured through no fault of their own, our supreme court has held the statute is to be liberally construed. Hoefly, 418 So.2d at 578. The purposes of the uninsured motorist statute are all furthered by liberally construing the statute to include exemplary damages as well as compensatory damages in those "damages ... because of bodily injury" that insurers are required to pay their insureds.
State Farm argues that the inclusion of exemplary damages under the uninsured motorist statute would thwart the purpose of La.Civ.Code art. 2315.4 to punish those who cause damages while driving under the influence of alcohol and to deter others from engaging in such conduct in the future. However, this argument overlooks the uninsured motorist carrier's subrogation rights against the person causing the damage. Under its subrogation rights,[2] the uninsured motorist carrier may pursue and place upon the uninsured motorist the burden of the exemplary damages, thereby carrying out the true intent of La.Civ.Code art. 2315.4.
Even if the uninsured motorist statute should be construed not to require coverage for exemplary damages, still it seems to us that the insurance policy in question did cover these damages. The policy provided coverage to its insured for "damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle." Exemplary damages, once proven, are "damages for bodily injury an insured is legally entitled to collect." If it be contended that this phrase of the insurance policy is ambiguous, the rule that ambiguities in insurance contracts must be construed in favor of the insured would constrain us to reach the same conclusion. Bozeman v. Commonwealth Land Title Insurance Company, 470 So.2d 465 (La.App. 1st Cir.), writ denied, 475 So.2d 359 (La.1985); Booth v. Fireman's Fund Insurance Company, 253 La. 521, 218 So.2d 580 (1968). It would be a very simple matter for insurance carriers to write their policies so as to specifically exclude coverage for exemplary damages.[3] The present policy did not contain *509 any such limitation, and in our opinion the policy coverage includes awards of exemplary damages up to the policy limits.
We find that in this case State Farm has contractually agreed to stand in the shoes of the tortfeasor, White, and pay those damages which its insured, Bauer, would have been able to recover from the uninsured motorist, White, as if he had sued White himself. Moreover, the punishment or deterrent effect of exemplary damages is not ignored under this analysis since State Farm may subrogate and bring an action against White for the full measure of damages that it agreed to indemnify Bauer, its insured.
Therefore, we hold that exemplary damages may be awarded to an insured under an uninsured motorist provision where the insurer of the policy promises to pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle and caused by an accident.

PENALTIES AND ATTORNEY FEES
State Farm also argues on appeal that the trial court erred in awarding penalties and attorney fees to Bauer for State Farm's arbitrary and capricious failure to pay Bauer's uninsured motorist claim within sixty days of receipt of a satisfactory proof of loss under La.R.S. 22:658. State Farm bases this contention on Bauer's failure to submit a satisfactory proof of loss. We disagree.
It is well established that the trial court's conclusion with regard to assessment of penalties and attorney fees under La.R.S. 22:658 is in part a factual determination. It should not be disturbed in the absence of a finding that it is manifestly in error. Szwedt v. State Farm Mutual Automobile Insurance Company, 479 So.2d 453 (La. App. 1st Cir.1985), writ denied, 483 So.2d 1022 (La.1986).
To establish a "satisfactory proof of loss" of an uninsured motorist's claim, the insured must establish that the insurer received sufficient facts which fully apprise the insurer that (1) the owner or operator of the other vehicle involved in the accident was uninsured or underinsured; (2) that he was at fault; (3) that such fault gave rise to damages; and (4) establish the extent of those damages. McDill v. Utica Mutual Insurance Company, 475 So.2d 1085 (La. 1985); Hart v. Allstate Insurance Company, 437 So.2d 823 (La.1983). The only element of the McDill/Hart test which State Farm contends that Bauer failed to establish is the first one; that is, that White was uninsured.
The accident occurred on September 18, 1984. Bauer made demand, through his attorney, on State Farm under the uninsured motorist provision of his policy by letter dated August 2, 1985. In that letter, Bauer's attorney informed State Farm of White's uninsured status at the time of the accident. On August 9, 1985, State Farm requested that Bauer document White's uninsured status. Bauer's attorney wrote State Farm on August 12, 1985, and stated that he had "verified that the driver of the other vehicle did not have insurance at the time of the accident," and he demanded payment according to La.R.S. 22:658. On August 15, 1985, Bauer's attorney again wrote State Farm regarding his verification of White's uninsured status. On September 17, 1985, Bauer's attorney sent State Farm the Compulsory Liability Notice he had received regarding White's lack of insurance. The State Farm representative who handled Bauer's claim testified at trial that as of August 29, 1985, she had written in her file that she was "assuming UM status". State Farm did not unconditionally tender payment of Bauer's claim until January, 1986.
The trial court found, on the basis of these facts, that State Farm had received sufficient notice that White was an uninsured motorist as of September 17, 1985. Since the unconditional tender was made more than sixty days after this date, the *510 trial court awarded penalties and attorney fees to Bauer.
We do not find manifest error in the trial court's conclusion. State Farm never seriously contested whether White was uninsured. This is evidenced by its representative's note in her file regarding assumption of uninsured motorist status. Thus, it is apparent that State Farm had satisfactory proof of loss shortly after suit was filed on September 13, 1985, if not before. Therefore, we affirm the trial court's assessment of penalties and attorney fees.
Bauer answered State Farm's appeal requesting an increase in attorney fees for the cost of appeal. The trial court granted attorney fees in the amount of $2,081.25. Considering the time and effort expended by Bauer's counsel, we amend that award to $3,500.

QUANTUM
The trial court awarded Bauer $5,000 general damages and $5,000 exemplary damages. State Farm complains that both awards are excessive; however, Bauer requests that this court raise both awards.
It is well settled in our jurisprudence that the trial court is granted much discretion in the awarding of damages, and its determination will not be disturbed absent manifest abuse of that discretion. Before a damage award may be questioned as inadequate or excessive, the appellate court must look to the individual circumstances of the particular case to determine whether the award was a clear abuse of the trier of fact's great discretion. Reck v. Stevens, 373 So.2d 498 (La.1979).
Our review of the record reveals that Bauer sustained a moderate strain/sprain type injury to the muscles and ligaments in his cervical and thoracic spine. Initially, Bauer was treated and released from the Baton Rouge General Hospital emergency room. He also underwent treatment from a chiropractor seven months after the accident. Bauer testified regarding the intermittent tightness and tension he experiences in his shoulders, the occasional headaches he suffers and his use of aspirin, a heating pad and a special pillow for sleeping. Bauer's wife corroborated his testimony. After reviewing the facts and circumstances of this case and the jurisprudence, we cannot say that the trial court abused its great discretion in making the general and exemplary damage awards.

SOLIDARITY
Bauer requests that the judgment of the trial court be further amended to reflect that White and State Farm are liable in solido for the general and exemplary damages plus court costs. We agree with Bauer that State Farm and White are solidarily bound for general and exemplary damages and court costs, and we accordingly amend the judgment to reflect same. See Hoefly v. Government Employees Insurance Company, 418 So.2d 575 (La. 1982).

DECREE
For the reasons assigned, the judgment of the trial court is affirmed as amended to reflect the increase in attorney fees awarded to Bauer in the amount of $3,500, and making White and State Farm liable in solido for general and exemplary damages plus court costs.
AFFIRMED AS AMENDED.
NOTES
[1] Adams v. Brannan, 500 So.2d 236 (Fla.App. 3d Dist.), review denied, 511 So.2d 297 (Fla.1986); Stewart v. State Farm Mutual Automobile Insurance Company, 104 N.M. 744, 726 P.2d 1374 (1986); Hutchinson v. J.C. Penney Casualty Insurance Company, 17 Ohio St.3d 195, 478 N.E.2d 1000 (1985); Mullins v. Miller, 683 S.W.2d 669 (Tenn.1984); Cuppett v. Grange Mutual Companies, 12 Ohio App.3d 82, 466 N.E.2d 180 (1983); Home Indemnity Company v. Tyler, 522 S.W.2d 594 (Tex.Civ.App. 1975); Lipscombe v. Security Insurance Company of Hartford, 213 Va. 81, 189 S.E.2d 320 (1972).
[2] See Bond v. Commercial Union Assurance Company, 407 So.2d 401 (La.1981), which holds that in Louisiana the uninsured motorist insurer is normally conventionally subrogated to the rights of the insured vis a vis the tortfeasor upon payment of the damages.
[3] However, according to Fisher v. Morrison, 519 So.2d 805 (La.App. 1st Cir.1987), there may be a question as to whether an insurer can restrict uninsured motorist coverage to exclude exemplary damages. This issue is beyond the scope of the case sub judice, and we therefore do not express an opinion regarding this issue.