837 So.2d 48 (2002)
Sharon L. DeSOTO
v.
Nidal A. BALBEISI, USAgencies Casualty Insurance Company and State Farm Mutual Automobile Insurance Company.
No. 2002 CA 0169.
Court of Appeal of Louisiana, First Circuit.
December 20, 2002.
Rehearing Denied February 3, 2003.
*49 Leonard Cardenas, III, Baton Rouge, Counsel for Plaintiff/Appellee Sharon L. DeSoto.
William F. Janney, Baton Rouge, Counsel for Defendant/Appellant State Farm Mutual Automobile Insurance Company.
Thomas Gibbs, Baton Rouge, Counsel for Defendants USAgencies Casualty Insurance Company and Nidal A. Balbeisi.
Before: KUHN, DOWNING and GAIDRY, JJ.
DOWNING, J.
This is an appeal from a judgment awarding the plaintiff, Sharon L. DeSoto, attorney fees of $28,890.00 against State Farm Mutual Automobile Insurance Company for its failure to timely tender uninsured/underinsured motorist policy limits and medical benefits. For the following reasons, we amend the judgment of the trial court and affirm the judgment as amended.

*50 FACTS AND PROCEDURAL HISTORY
This case arises out of a motor vehicle collision in Baton Rouge, Louisiana, on April 14, 1999. Sharon L. DeSoto was seriously injured when a vehicle operated by defendant, Nidal A. Balbeisi, struck her vehicle. Plaintiff named as defendants Nidal Balbeisi and the two insurers that insured him in connection with the accident, USAgencies Casualty Insurance Company (USAgencies) and State Farm Mutual Automobile Insurance Company. On December 16, 1999, plaintiff filed an amending petition adding as a defendant her own uninsured/underinsured (UM) motorist carrier insurer, State Farm Mutual Automobile Insurance Company (State Farm). In her amending petition, plaintiff alleged that she provided State Farm with a satisfactory proof of loss on or about October 22, 1999, and that State Farm failed to tender its UM liability policy limits and medical payment limits under her policy within the thirty day time period stipulated in La. R.S. 22:658. Plaintiff sought statutory penalties, attorney fees, costs, and judicial interest.
State Farm contended that a satisfactory proof of loss was not made until November 4, 1999, when plaintiff sent verification of the underlying policy limits of the defendant driver's liability carrier, USAgencies. State Farm admitted in its pre-trial memorandum that its check, which was mailed out on December 10, 1999, to settle plaintiff's claim, was technically late by six days and that it owed a statutory penalty in the amount of $1,413.73 as a result of the late payment.[1] However, it insisted that the brief delay in sending out the payment did not warrant imposing attorney's fees pursuant to La. R.S. 22:658.[2]
Although plaintiff received all insurance available in connection with the accident prior to trial, plaintiff proceeded to trial against the defendant driver in order to obtain a judgment for the damages sustained in excess of available insurance. Plaintiff also sought to enforce the contested attorney fees due for State Farm's untimely payment of its UM and medical benefits limits. Thus, the only issues remaining for resolution at trial were the liability of the defendant driver, the amount of plaintiff's damages, and any attorney fees that might be due from State Farm by reason of its untimely tender of funds due under plaintiff's own UM policy.
After a bench trial, the trial judge found that the conduct of State Farm in delaying transmission of payment of the UM and medical benefit limits was arbitrary and capricious. Plaintiff was awarded $28,890.00 in attorney fees. From this portion of the judgment, State Farm appeals, assigning two errors by the trial court, as follows:
1. The Trial Court committed manifest and reversible error of law in considering the contingency fee contract and awarding attorney fees based upon the total awarded DeSoto against Balbeisi and the Appellate Court should conduct a trial de novo on the issue of attorney fees.

*51 2. The Trial Court abused its discretion in awarding $28,890.00 in attorney fees to DeSoto against State Farm Mutual Automobile Insurance Company.

DISCUSSION

Applicable Law
Louisiana Revised Statutes 22:658(A)(1) provides:
All insurers issuing any type of contract, other than those specified in R.S. 22:656, R.S. 22:657, and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest.
Louisiana Revised Statutes 22:658(B)(1) further provides, in pertinent part:
Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor, as provided in R.S. 22:658(A)(1) ... when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, ..., together with all reasonable attorney fees for the prosecution and collection of such loss, or in the event a partial payment or tender has been made, ten percent of the difference between the amount paid or tendered and the amount found to be due and all reasonable attorney fees for the prosecution and collection of such amount. (Emphasis added.)
Louisiana Revised Statutes 22:658 is a penal statute, and as such it must be strictly construed. Vaughn v. Franklin, 00-0291, p. 15 (La.App. 1 Cir. 3/28/01), 785 So.2d 79, 91, writ denied, 01-1551 (La.10/5/01), 798 So.2d 969. It subjects an insurer, when it is arbitrary and capricious in failing to unconditionally tender the undisputed amount within thirty days of satisfactory proof of loss, to the mandatory imposition of penalties and attorney fees for the collection of such loss. See Calogero v. Safeway Insurance Company of Louisiana, 99-1625, p. 7 (La.1/19/00), 753 So.2d 170, 174. A "satisfactory proof of loss" is that which is sufficient to fully apprise the insurer of the insured's claim. McDill v. Utica Mutual Insurance Company, 475 So.2d 1085, 1089 (La.1985).
In order to recover attorney fees pursuant to La. R.S. 22:658, the burden of proof is on the claimant to demonstrate, as a prerequisite to showing that the insurer was arbitrary and capricious in denying benefits, that a satisfactory proof of loss was made. It is undisputed that plaintiff submitted satisfactory proof of loss to State Farm on its UM claim on November 4, 1999 and that State Farm's tender to plaintiff was untimely. Thus, the only issue presented for review is whether the amount of attorney fees awarded was excessive under the particular facts and circumstances of this case.
It is well established that the trial court's conclusion with respect to the assessment of penalties and attorney fees under La. R.S. 22:658 is, in part, a factual determination and should not be disturbed in the absence of a finding that it was manifestly erroneous. Bauer v. White, 532 So.2d 506, 509 (La.App. 1 Cir.1988). In determining an award of attorney fees to be assessed pursuant to La. R.S. 22:658, the trial court should consider the services needed to effect recovery, the degree of professional skill and ability exercised, the volume of work performed, the time devoted to the case, the result obtained, the novelty and difficulty of the questions involved, *52 and the percentage fixed for attorney fees in the plaintiff's contract. Khaled v. Windham, 94-2171, p. 11 (La.App. 1 Cir. 6/23/95), 657 So.2d 672, 680.

Assignments of Error
State Farm argues that the trial judge committed legal error in basing the attorney fees assessed on the total recovery awarded to plaintiff and abused its discretion by basing such fee on the attorney's contingency fee contract.[3]
When a legal error interdicts a finding of fact, the appellate court must review the record de novo and render judgment without respect to the manifest error rule. Gonzales v. Xerox Corp., 320 So.2d 163 (La.1975). Here, we agree that the trial court committed legal error when it based its award of attorney fees on the total recovery awarded rather than on the attorney's efforts expended for "the prosecution and collection of" the loss. La. R.S. 22:658(B)(1). We observe that the "loss" referenced in this statute is the "amount of any claim due [the] insured." La. R.S. 22:658(A)(1).
Accordingly, after reviewing the entire record de novo to evaluate Plaintiff's entitlement to attorney fees, we agree that the fees awarded against State Farm in this case were excessive and constituted an abuse of the trial court's discretion.
Louisiana Revised Statute 22:658 provides for an award of reasonable attorney fees as a penalty for untimely payment of the amount due as demonstrated in a satisfactory proof of loss and provides for attorney fees for the prosecution and collection of such loss. Although the amount in controversy between State Farm and plaintiff does not cap the attorney's fee award, the statute plainly relates the attorney fees award to the efforts expended in the collection of the amount due to the insured from State Farm. Thus, in assessing a reasonable fee, it is appropriate to consider all of counsel's efforts in connection with that claim, but only those efforts.
In this case, plaintiff's counsel had to establish that the defendant driver was at fault and had to establish the value of the injuries sustained in order to recover from the defendant driver, Balbeisi, and his two insurers. The record supports the conclusion that plaintiff's counsel did a thorough and professional job in preparing plaintiff's case. However, little additional effort was required on the part of counsel to obtain the tender of the State Farm limits, which were paid in full, albeit approximately six days late.
Counsel for plaintiff submitted a proof of loss to State Farm. On October 22, 1999, he also sent State Farm copies of the medical records and other documentation of damages in discovery responses provided to the liability insurers of the defendant driver, Nidal Balbeisi. A few days later, on October 25, 1999, plaintiff's counsel wrote to State Farm in its capacity as plaintiff's UM insurer, advising of the inadequate amounts of the total underlying liability limits, and demanding that its UM coverage limits be paid by October 29, 1999. On October 29, State Farm's management authorized tender of the UM coverage limits and payment of medical expenses under the medical payments coverage. Shortly thereafter, on November 1, 1999, the State Farm claims representative responded to plaintiff's demand, offering to pay the UM limits and medical benefit payments, upon receipt of evidence of the USAgencies policy limits. This evidence *53 was provided on November 4, 1999, and a check was sent out by State Farm on December 10, 1999.
After receiving payment from State Farm, counsel for plaintiff filed an amending petition seeking penalties, attorney fees, costs, and judicial interest for State Farm's untimely payment. Counsel for plaintiff moved for production of State Farm's claims file. The discovery request was opposed, requiring the preparation of a supporting memorandum and the trial court's in camera inspection of the file. Plaintiff's counsel was successful in obtaining portions of that file, which were introduced into evidence against State Farm at trial. Plaintiff's counsel also deposed the State Farm claims adjuster regarding the untimely tender of UM limits and medical payments. Trial of this matter was concluded in one day.
These efforts, however, were not expended to prosecute and collect plaintiff's claim against State Farm, such claim having been paid on December 10, 1999. It is clear that plaintiff went to trial primarily to establish the total amount of damages sustained in the accident in order to obtain an excess judgment against the defendant driver, Nidal Balbeisi. The bulk of the trial was directed toward substantiating plaintiff's damages in order to obtain the largest possible judgment against the defendant driver. By the time of trial, State Farm had admitted that plaintiff tendered a satisfactory proof of loss by November 4, 1999, and that its payment on December 10, 1999, was untimely. State Farm merely contested whether its brief delay warranted the imposition of attorney fees. The testimony of only one of the four witnesses at trial related directly to the attorney fees claimed against State Farm. Plaintiff's counsel introduced no evidence regarding the number of hours devoted to the attorney fees issue. No novel issues of law were presented.
Although the trial judge has great discretion in the amount of attorney fees awarded, the discretion of the trial judge is not unlimited. Bauer, 532 So.2d at 510. After reviewing the record in its entirety and considering the efforts related specifically to State Farm, we are left with the conviction that the award made in this case was clearly excessive. We have considered the evidence substantiating the labors of plaintiff's counsel, the result obtained, the skill exercised, the contingency fee contract of plaintiff's counsel, the degree of difficulty of the case, and the fact that the labors of plaintiff's counsel were directed primarily at establishing claims against the defendant driver and his two insurers. But primarily we consider the minimal attorney's efforts actually needed to prosecute and collect the plaintiff's claim that was paid six days late.
State Farm suggests that an attorney fees award of $2,500.00 would be the highest award appropriate under the facts and circumstances of this case in which it tendered the payment due in an untimely manner. Pursuant to La. R.S. 22:658, attorney fees are due only for the "prosecution and collection of such loss." While we are inclined to limit the attorney fees award even further, and would not take into consideration the services rendered after the State Farm limits were paid, in view of State Farm's admission that an award of at least $2,500.00 would be appropriate, we will reduce the award to that amount.
In so holding, we note our disagreement with our brethren of the Fourth Circuit and their holding in Daney v. Haynes, 630 So.2d 949 (La.App. 4 Cir. 1993) where they interpret the word "loss" as used in La. R.S. 22:658(B)(1) to include penalties and attorney fees. In so holding, *54 the Fourth Circuit states that to hold otherwise would dilute the effect of the penalty provision and be contradictory to public policy. Daney, 630 So.2d at 955. We disagree because the statute refers to the "loss" as the "amount of any claim due any insured." La. R.S. 22:658(A)(1). And since this statute is penal in nature, it must be strictly construed. Vaughn, 00-0291 at p. 15, 785 So.2d at 91. We also disagree that public policy is unserved by our interpretation because it punishes an insurer severely if it delays in paying a just claim, but punishes it less severely the more promptly it cures its sanctionable behavior. The statutory penalty serves the penal purpose; the "reasonable" attorney's fees recoverable, while penal in nature, are intended as reimbursement for the insured's legal expenses incurred in recovering the loss and penalty; not as a windfall.
Accordingly, we find merit in State Farm's assignments of error.

DECREE
For the foregoing reasons, the judgment of the trial court is amended to reduce the amount of attorney fees assessed in favor of Sharon L. DeSoto and against State Farm Mutual Automobile Insurance Company to $2,500.00. In all other respects, the judgment is affirmed. Costs of this appeal are assessed equally against the parties to this appeal.
AMENDED AND AFFIRMED AS AMENDED.
NOTES
[1] This amount represented the statutory 10% penalty based on the $10,000.00 UM limits in the State Farm policy and the medical payments due.
[2] Prior to trial, USAgencies tendered its liability limits, deposited same into the registry of the court, and was dismissed from the lawsuit. State Farm in its capacity as the liability carrier for the defendant, Nidal Balbeisi, was also released from the litigation after settling with plaintiff. Plaintiff did not release Nidal Balbeisi and sought a judgment against him in excess of the coverage limits available under his liability policies.
[3] Prior to awarding attorney's fees, the trial court acknowledged that Plaintiff and her attorney had entered into a 25% contingency fee contract.